## KOREMATSU v. UNITED STATES.

No. 912. Argued May 11, 1943.—Decided June 1, 1943.

Mr. A. L. Wirin argued the cause, and Mr. Jackson H. Ralston was on the brief, for Korematsu.

Mr. John L. Burling, with whom Solicitor General Fahy and Messrs. Edward J. Ennis and W. Marvin Smith were on the brief, for the United States.

Mr. Justice Black delivered the opinion of the Court.

Korematsu was found guilty by the District Court for the Northern District of California of remaining in the City of San Leandro, California, in violation of 18 U. S. C. § 97 (A) and the orders issued thereunder.[1] The District Court's order was that he "be placed on probation for the period of five (5) years, the terms and conditions

---

[1] The relevant orders are Executive Order 9066, Feb. 19, 1942, 7 Fed. Reg. 1407, and General DeWitt's Public Proclamation No. 1, March 2, 1942, and Civilian Exclusion Order No. 34, May 3, 1942, issued under authority of the Executive Order.

of the probation to be stated to said defendant by the Probation Officer of this Court. Further ordered that the bond heretofore given for the appearance of the defendant be exonerated. Ordered pronouncing of judgment be suspended."

The defendant appealed to the Circuit Court of Appeals for the Ninth Circuit, which under 28 U. S. C. § 225 has "jurisdiction to review by appeal final decisions." The Circuit Court of Appeals, doubting whether it had jurisdiction to hear an appeal from an order placing the defendant on probation without first formally sentencing him, has certified to us the following question under § 239 of the Judicial Code:

"After a finding of guilt in such a criminal proceeding as the instant case, in which neither imprisonment in a jail or penitentiary nor a fine is imposed, is an order by the district court, that the convicted man 'be placed on probation for the period of five (5) years' a final decision reviewable on appeal by this circuit court of appeals?"

The federal probation law authorizes a district judge "after conviction or after a plea of guilty or nolo contendere . . . to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms" as seem wise. 18 U. S. C. § 724. In *Berman* v. *United States*, 302 U. S. 211, we held that when a court had imposed a sentence and then suspended its execution, the judgment was final and would support an appeal. The question here is whether the judgment is equally final when the imposition of sentence itself is suspended and the defendant subjected to probation.[2] The government concedes that this question should be answered in the affirmative.

---

[2] For the background of the probation legislation, see *Ex parte United States*, 242 U. S. 27; *United States* v. *Murray*, 275 U. S. 347. Cases on the instant problem are collected at 126 A. L. R. 1207.

434

It has often been said that there can be no "final judgment" in a criminal case prior to actual sentence, *Miller* v. *Aderhold,* 288 U. S. 206, 210; *Hill* v. *Wampler,* 298 U. S. 460, 464, and this proposition was restated in *Berman* v. *United States,* 302 U. S. 211, 212.[3] In applying this general principle to a situation like that of the instant case, the Second and Fourth Circuit Courts of Appeals have concluded that they lacked jurisdiction to hear an appeal from an order placing a defendant on probation without first imposing sentence. *United States* v. *Lecato,* 29 F. 2d 694, 695; *Birnbaum* v. *United States,* 107 F. 2d 885. The Fifth Circuit appears to take the opposite view. *Nix* v. *United States,* 131 F. 2d 857.

The "sentence is judgment" phrase has been used by this Court in dealing with cases in which the action of the trial court did not in fact subject the defendant to any form of judicial control. Thus in *Miller* v. *Aderhold, supra,* imposition of sentence was suspended and the defendant was put under no obligaton at all. Hence the Court held that there was no jurisdiction to hear the appeal. But certainly when discipline has been imposed, the defendant is entitled to review.

In the *Berman* case, *supra,* we held that the appeal was proper where the sentence was imposed and suspended, and the defendant was placed on probation. The probationary surveillance is the same whether or not sentence is imposed. In either case, the probation order follows a finding of guilt or a plea of nolo contendere. Thereafter, the defendant must abide by the orders of the court. He must obey the terms and conditions imposed upon him, or subject himself to a possible revocation or modification of his probation; and under some circumstances he may, during the probationary period, be required to pay a fine, or make repara-

---

[3] "Final judgment in a criminal case means sentence. The sentence is the judgment."

tion to aggrieved parties, or provide for the support of persons for whom he is legally responsible. 18 U. S. C. § 724. He is under the "supervision" of the probation officer whose duty it is to make reports to the court concerning his activities, 18 U. S. C. § 727, and at "any time within the probation period the probation officer may arrest the probationer wherever found, without a warrant, or the court which has granted the probation may issue a warrant for his arrest." 18 U. S. C. § 725. These and other incidents of probation emphasize that a probation order is "an authorized mode of mild and ambulatory punishment, the probation being intended as a reforming discipline." *Cooper* v. *United States*, 91 F. 2d 195, 199.

The difference to the probationer between imposition of sentence followed by probation, as in the *Berman* case, and suspension of the imposition of sentence, as in the instant case, is one of trifling degree. Probation, like parole, "is intended to be a means of restoring offenders who are good social risks to society; to afford the unfortunate another opportunity by clemency," *Zerbst* v. *Kidwell*, 304 U. S. 359, 363, and this end is served in the same fashion whether or not probation is preceded by imposition of sentence. In either case, the liberty of an individual judicially determined to have committed an offense is abridged in the public interest. "In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation . . . on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.'" *Berman* v. *United States, supra,* 212, 213. Here litigation "on the merits" of the charge against the defendant has not only ended in a determination of guilt, but it has been followed by the institution of the disciplinary measures which the court has determined to be necessary for the protection of the public.

These considerations lead us to conclude that the order is final and appealable. Our answer to the question is Yes.