## UNITED STATES v. LOMBARDO.
### No. 9627.

United States Court of Appeals
Seventh Circuit.
May 16, 1949.

Otto Kerner, Jr., U. S. Atty., Jack Arnold Welfeld, Asst. U. S. Atty., Chicago, Ill., for appellant.

William Scott Stewart, Chicago, Ill., Robert M. Gibboney, Rockford, Ill., for appellee.

Before MINTON and DUFFY, Circuit Judges, and LINDLEY, District Judge.

DUFFY, Circuit Judge.

This is an appeal from an order of the district court suspending a fifteen year sentence theretofore imposed on the defendant by that court and placing him upon probation for five years. Such an order is appealable. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204; Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497.

In July, 1936, defendant was sentenced by the Circuit Court of Macoupin County, Illinois, to be confined in the State Penitentiary of Illinois for a period of from one year to life. While serving the State sentence the defendant was brought before the United States District Court for the Northern District of Illinois, Western Division, where he entered a plea of guilty to a federal indictment for bank robbery. The court sentenced defendant to a term of fifteen years said sentence to commence on the date of the expiration of the State sentence under which the defendant was then serving.

On March 12, 1945, the Illinois Parole Board determined to parole defendant on condition that on release he be turned over to the United States Marshal. The defendant learned of the prospective parole, and on March 26, 1945, wrote a letter to the United States District Court stating that he wished a stay of execution of his sentence and that he did not wish to elect to serve upon that sentence. There is no evidence that this letter was ever received by the judge or other court officials. On the following day, March 27, 1945, the defendant was released on parole from the Illinois State Penitentiary and was turned over to the custody of the United States Marshal who took him from Statesville to Chicago and there lodged him in the Cook County Jail.

On the same day, to wit, March 27, 1945, the defendant, through his attorney, filed with the clerk of the district court a formal written petition containing among other things the following:

"The undersigned further represents unto the Court that he desires to apply to the United States District Court for the Northern District of Illinois, Western Division, for probation; that there will be no judge holding court in the United States District Court for the Northern District of Illinois, Western Division, until March 31, 1945; that it is essential that the petition of the undersigned for probation be heard before he is delivered by the United States Marshal to the warden of the federal penitentiary.

"And therefore the undersigned prays that the honorable judge of said Court stay the execution of said sentence * * *

until his application for probation can be heard."

The record shows that on the same date the Honorable Elwyn R. Shaw, District Judge, signed the following order:

"It is Ordered that execution of sentence in this cause be and it hereby is stayed until the 17th day of April, A. D. 1945, and the above entitled cause is referred to the United States Probation Officer for investigation."

About ten minutes after his arrival at the jail defendant saw the warden and told him, "I wish to file a writ of habeas corpus and also to file notice to stay execution of my sentence." Borrowing a pencil and sheet of paper he then wrote such a letter (Exhibit 10) to the court.

On April 2, 1945, defendant was released from custody upon habeas corpus proceedings, the district court holding that the fifteen year sentence imposed upon the defendant was void. Upon appeal this judgment was reversed by this court. United States ex rel. Lombardo v. McDonnell, 7 Cir., 153 F.2d 919. The opinion of this court was filed on February 14, 1946, and a rehearing was denied March 13, 1946.

On February 18, 1946, the defendant, by his attorney, filed in the clerk's offce of the district court a motion for a stay of execution of sentence and for probation, wherein he recited that his judgment of discharge under habeas corpus had been reversed by this court, and among other things stated "that it is essential that the petition of the undersigned for probation be heard before he is delivered by the United States Marshal to the warden of the federal penitentiary." Defendant prayed that the judge of said court stay the execution until his application for probation could be heard. On March 12, 1946, defendant was officially discharged from State parole, and on that date he was again taken into custody by the United States Marshal. On March 18, 1946, Judge Shaw entered the following order:

"It Is Ordered that the petition of the defendant for probation be and it is hereby continued to April 17, 1946; that this cause be and it is hereby referred to the Probation Officer of this Court for investigation, and that the defendant be released from custody upon giving bond in the sum of $2,000.00 conditioned upon the appearance of the defendant in Court on April 17, 1946."

At the hearing on probation held before Judge Shaw, defendant testified in his own behalf. From the findings filed by the district judge it is obvious he believed the defendant's testimony that the latter had been confined in the Illinois State Penitentiary for eight years and nine months, that during the time he was incarcerated he was unable to apply for probation on the federal charge; that the day before he was released on parole he handed a letter to an officer of the prison addressed to the court advising he wished a stay of execution and to file a petition for habeas corpus, and that it was the duty of such officer to mail same; that within ten minutes after his arrival at the Cook County Jail, after informing the warden of his purpose, he did write the letter identified as Exhibit 10.

The court heard additional testimony, such as defendant's parole officer who testified that defendant was as upright as any man he had ever supervised, and that defendant's adjustment was entirely satisfactory and his rehabilitation was complete. Other testimony was from fellow workers, and also the president of the company which employed defendant, all of which was highly complimentary to him and indicating that he had been completely rehabilitated.

The government, contending that the court had no jurisdiction to place the defendant on probation, relies on § 709a [now § 3568], Title 18 U.S.C.A.

"The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at

 

such jail or other place of detention. * * *"

There is nothing in the record to show what time of day the defendant left the State penitentiary at Statesville, nor the time when he was finally lodged at the Cook County Jail in Chicago. It is certain, however, that on the same day a petition was filed upon behalf of defendant asking for probation, and that the court on the same date when he was lodged at the Cook County Jail entered a stay of execution of his federal sentence. True, the hearing on the application for probation was not heard until some time later and in the meantime a petition for a writ of habeas corpus had been granted by the district court and reversed by this court, during all of which time the defendant had been enlarged upon bond.

The district court made findings, including the following:

"The court finds as a matter of fact that Joe Lombardo has never entered upon the service of the sentence entered herein, and that this court has jurisdiction of the person of Joe Lombardo by reason of his presence and his application duly made by him for probation * * *.

"The court finds that Joe Lombardo duly and promptly made application in proper manner for probation herein * * *.

"The court finds from the evidence that Joe Lombardo has made a complete rehabilitation of himself. * * *"

It is apparent that the court regarded the stay of execution granted on May 27, 1945, the day of Lombardo's release from prison, as being in full force and effect throughout the entire period until the order for probation was finally entered. True it is that the stay order contained a limitation of time, but the court could have amended such order to extend the stay at any time and without notice, and undoubtedly regarded it as extended without a formal order to that effect. Lombardo remained at large after the expiration date of the stay order, and the judge and all concerned regarded the limitation proviso as surplusage.

Lombardo remained at large up to March 12, 1946, and the fact that the United States Marshal on that date went through the motions of again arresting Lombardo, although both of his petitions for probation were then pending, cannot alter the fundamental situation.

 Under the unusual circumstances of this case, we cannot say that the district court was clearly in error in finding that Lombardo had not commenced the service of his federal sentence under § 709a, Title 18 U.S.C.A.

Therefore the order granting probation is affirmed.