**Charles Franklin THOMAS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 1786.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 9, 1957.

Decided March 4, 1957.

Charles S. Sures, Washington, D. C., David M. Wortman, Washington, D. C., on the brief, for appellant.

Harold D. Rhynedance, Jr., Asst. U. S. Atty., Washington, D. C., Oliver Gasch, U. S. Atty. and Lewis Carroll, Forbes W. Blair and Richard J. Snider, Asst. U. S. Attys., Washington, D. C., on the brief, for appellee.

John W. Kern, III, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

This was a prosecution for an indecent assault upon a police officer. The charge was brought under our assault statute. Code 1951, § 22–504. Defendant waived his right to a jury, and was tried by the court and found guilty. The trial judge imposed no sentence, but took defendant's personal recognizance or bond not to repeat the offense.[1] Defendant has brought the case here on appeal.

The Government, though conceding that there is an appealable conviction, has moved to dismiss the appeal, on the ground that defendant's remedy was not by appeal of right but by application. Before we deal with that contention we shall discuss another fundamental jurisdictional question which we raise sua sponte: whether there can be appellate review of a criminal case where there has been a conviction, but where imposition of sentence is suspended and defendant is required to give his per-

1. Code 1951, Supp. IV, § 11–757, authorizes the trial court "upon conviction to suspend the imposition of sentence or to impose sentence and suspend the execution thereof, * * *."

sonal recognizance or bond not to repeat the offense.[2]

■ The old concept was, "the sentence is the judgment," and that there could be no appeal from a conviction which had not been translated into a sentence. But in recent years the Supreme Court has modified that rule. In Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204, execution of sentence had been suspended and defendant placed on probation. It was held that defendant had a right to appellate review. In Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 1126, 87 L.Ed. 1497, appellate protection was broadened still further. There, no sentence was pronounced. *Imposition* of sentence was suspended and defendant placed on probation. The Supreme Court said that the difference between imposition of sentence followed by probation, and suspension of imposition of sentence "is one of trifling degree." The Court also said that the "sentence is the judgment" phrase was used when the action of the trial court did not subject the defendant to any form of judicial control. "But certainly when discipline has been imposed, the defendant is entitled to review." Somewhat later, in United States v. Hark, 320 U.S. 531, 64 S.Ct. 359, 361, 88 L.Ed. 290, it was said that the judgment is the judicial determination or sentence, and that "No form of words and no peculiar formal act is necessary to evince its rendition or to mature the right of appeal."

Applying these tests realistically to the situation before us, it seems clear that defendant has full standing to demand his rights on appeal. He stands convicted of a charge which brands him with a serious personal and social stigma. (The alleged assault consisted of a touching of the person of complaining witness in an intimate, homosexual gesture.)[3]

In suspending imposition of sentence the judge exacted of defendant a promise in the form of a bond that he would not repeat the offense. This was a form of clemency, but it was also a form of discipline or judicial control. And what defendant was seeking, and what he is seeking on this appeal, is not clemency but vindication. See Berman v. United States, supra. We feel certain that the trial judge would not have taken the action he did if he thought it would result in circumventing defendant's right of appeal; and we hold that such right is open to him, as a person aggrieved by a final judgment.

■ The Government, as we have said, does not question that there was an appealable judgment. But it takes the position that appellant has taken the wrong procedural step; that his appeal is not one of right, but should have been sought by application for appeal. The contention is that the situation is governed by Code 1951, § 11–772(a), which provides for review by application when "the penalty imposed is less than $50." The argument is that because no penalty was imposed, it was necessarily less than $50. The argument cannot be sustained. No fine or money penalty was levied against defendant. Hence it cannot be said to be less than $50; indeed it cannot be measured in money terms. The situation is unlike Yeager v. District of Columbia, D.C.Mun.App., 33 A.2d 629, where we held that were there were a number of fines, each under $50, but more than that in the aggregate, the proper method of review was by application, not of right. Cf. Chambers v. District of Columbia, 90 U.S.App.D.C. 153, 194 F.2d 336. We are satisfied that the trend of decisions honoring rather than discouraging the right of appeal, requires a ruling that appellant has not forfeited his rights, and

2. The minute entry on the information indicates that imposition of sentence was suspended and personal recognizance taken. But in the statement of proceedings and evidence the trial judge has certified that "execution of sentence was suspended and the defendant was released on his personal bond not to repeat the offense."

3. See Kelly v. United States, 90 U.S.App. D.C. 125, 194 F.2d 150.

has taken proper steps for review of his conviction.

As to the merits of the appeal, little need be said. The situation is governed by Guarro v. United States, D.C.Cir., 237 F.2d 578, decided September 27, 1956, some months after this case was tried below, reversing Guarro v. United States, D.C. Mun.App., 116 A.2d 408.[4]

Here as in that case it cannot be said that the evidence is more consistent with guilt than with innocence. Considering "the totality of the policeman's conduct," which was of the same general pattern as in Guarro, and viewing all the surrounding circumstances in the light of the rules and principles there announced, it is clear that the conviction in this case cannot be allowed to stand.

Reversed, with instructions to enter a judgment of acquittal.

4. See also order dated September 28, 1956, Goodman v. United States, D.C.Cir., 242 F.2d 219, reversing Goodman v. United States, D.C.Mun.App., 118 A.2d 517.