HUGH N. BROWN AND MAXINE BROWN,
husband and wife, and
HUGH N. BROWN, INC. *v.* DEPARTMENT
OF REVENUE
KENNETH McALPIN AND DIANA E.
McALPIN, husband and wife, and
KENNETH McALPIN, INC. *v.* DEPARTMENT
OF REVENUE

Leo S. Meysing and Edward R. Hall, Attorneys at Law, Portland, Oregon, represented plaintiffs.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered July 21, 1969.

EDWARD H. HOWELL, Judge.

The above cases were consolidated for trial and decision.

Plaintiff Hugh N. Brown, Inc. was incorporated under the laws of Oregon on February 9, 1962, and plaintiff Kenneth McAlpin, Inc. was similarly incorporated on September 18, 1961. Both operate a bar pilot service at the mouth of the Columbia River. The tax commission disregarded the plaintiffs' corporate entities and taxed the earnings of the corporations to the individuals on their personal income tax returns. The tax years involved are 1962, 1963 and 1964.

The sole question involved is whether the tax commission was correct when it refused to recognize plaintiffs' corporate identities and taxed the income to the individuals instead of the corporations.

While part of the facts were stipulated, additional evidence was introduced by the parties at the trial.

The plaintiffs Hugh Brown and Kenneth McAlpin are two of 16 bar pilots who are licensed by the State of Oregon to pilot incoming and outgoing vessels over the bar at the mouth of the Columbia River. The bar pilots have organized a voluntary association called the Columbia River Bar Pilots Association. The association dispatcher receives the request for a pilot, notifies the first pilot on the list and if the pilot notified accepts the job the other pilots move up on the list until they are called. The association bills the ship-owners for all the pilotage fees, deducts the common expenses and disburses the net receipts to pilots entitled to the compensation. All pilots receive a pro rata share of the net receipts regardless of the size of the vessels piloted. All of the functions, from the time a request for a pilot is received by the dispatcher

for the association until the fees are collected and paid to the individual pilots, are handled entirely by the association. The association has no fees and has no profits.

If the pilot is to bring a vessel into the Columbia River he will ride out in an outgoing vessel and once over the bar he is required to remain on station on a pilot boat for at least eight hours. The pilot boat is owned by a corporation called Saddle Mountain, Inc.; whose stockholders are the members of the Columbia River Bar Pilots Association. The pilot boat is leased by the association from Saddle Mountain, Inc. and is manned at least part of the time by employees who are not associated with the bar pilots association.

The pilot is transferred from the pilot boat to the vessel which he will pilot by a rowboat which is lowered over the side of the pilot boat. Once aboard the vessel the pilot gives the courses and speeds directly to the helmsman of the piloted vessel until it has crossed over the bar or, on some occasions, until it has docked.

Prior to incorporation the plaintiffs Hugh Brown and Kenneth McAlpin conducted their business of piloting vessels as sole proprietorships. After incorporation both Brown and McAlpin transferred to their respective corporations their office equipment, supplies, fixtures and navigation and nautical equipment valued at $1000 for 100 shares of the common capital stock of the individual corporations. Each is president of the corporation, owns all the outstanding stock and is the sole employee of the corporation.

The tax commission concedes that both corporations were properly incorporated, have maintained separate corporate accounting records, corporate

checking accounts where all funds of the corporation have been deposited, withheld from the wages paid Brown and McAlpin by the corporation and generally complied with all requirements applicable to corporations. The records of the corporations are maintained by an accountant in accordance with general corporate accounting practices. The amounts due from the bar pilots association are paid by the association to the corporations.

Subsequent to incorporation each corporation inaugurated an employee's retirement plan called a profit-sharing plan and trust agreement wherein the employer contributes a percentage of the net profits each year. The employee has the option of contributing not less than 1 percent nor more than 10 percent of his yearly compensation to the trust. The parties have stipulated that the District Director of Internal Revenue has advised the corporations that the profit-sharing plan and trust agreement is tax exempt under § 501(a) of the Internal Revenue Code.

The tax commission contends that the corporations are a "shell * * * the alter ego of the individual and that the individual [Brown and McAlpin] is earning his fee as a member of the Columbia River Bar Pilots Association and not as an employee of the corporation. Consequently the income is taxable to the individual and not to the corporation." The tax commission points to the fact that by incorporating, the amounts paid into the retirement fund for the individuals are not taxable and that various other expenses which the plaintiffs could not deduct as individuals are proper deductions by the corporations.

The plaintiffs contend that the corporations are conducting a business enterprise and that they were

incorporated for valid business reasons—limiting their personal liability from their activities as bar pilots and providing a retirement plan for them as individuals.

Regarding the liability of plaintiffs for their actions as bar pilots, ORS 776.520 allows the pilots to contractually limit such liability to acts constituting wilful misconduct or gross negligence. However, the plaintiffs point to an incident occurring in 1962 when one of the bar pilots was unable to return to the pilot boat for several days because of storms and high seas. One of the crewmen on the rowboat died of exposure and a claim for his death was settled by the bar pilots association. Plaintiffs also cite four cases in which a bar pilot was held liable for negligence. *U. S. v. D. A. Sigfridson,* 1964 AMC 2341, (DC Or 1963); *Barbey Packing Corporation v. The S. S. Stavros,* 169 F Supp 897 (DC Or 1959), 1959 AMC 1542; *Chase v. Hammond Lumber Co.,* 79 F2d 715 (9th Cir 1935), 1935 AMC 1502; *Matheson v. Norfolk & North American Steam Shipping Co.,* 73 F2d 177 (9th Cir 1934), 1934 AMC 1451.

■ It is true that *Chase* and *Matheson, supra,* were decided prior to the enactment of ORS 776.520 limiting the pilots' liability but it is also true, as plaintiffs argue, that ORS 776.520 may not cover the bar pilots' liability to a third party for damages resulting from the operation of the pilot boat.

■ While the extent of plaintiffs' liability as members of the pilots association may be uncertain, the plaintiffs are clearly within their rights in taking any steps necessary including purchasing insurance or conducting their business as a corporation to protect themselves from personal liability. Individuals

are entitled to incorporate to limit their personal liability and even to minimize their taxes. *Sam Siegel v. Commissioner,* 45 TC 566 (1966), *McGuire et al v. U. S.,* — F Supp — (SD NY 1969), 23 AFTR2d 69-800, 69-1 USTC ¶ 9279.

■ The general rule in regard to the recognition of a corporation as a separate entity for taxation was established by the United States Supreme Court in *New Colonial Ice Co. v. Helvering,* 292 US 435, 54 S Ct 788, 78 L ed 1348, 13 AFTR 1180, 4 USTC ¶ 1292, (1934). The court stated:

> "As a general rule a corporation and its stockholders are deemed separate entities and this is true in respect of tax problems. Of course, the rule is subject to the qualification that the separate entity may be disregarded in exceptional situations where it otherwise would present an obstacle to the due protection or enforcement of a public or private right. * * *"

See also 2 Mertens, *Law of Federal Income Taxation,* § 17.05.

■ In *Moline Properties v. Commissioner of Int. Rev.,* 319 US 434, 63 St Ct 1132, 87 L ed 1499, 30 AFTR 1291, 43-1 USTC ¶ 9464, (1943), the United States Supreme Court applied the rule in *New Colonial Ice, supra,* and stated the following general rule regarding the effect to be given to the purpose or motive for incorporating:

> "* * * Whether the purpose be to gain an advantage under the law of the state of incorporation or to avoid or to comply with the demands of creditors or to serve the creator's personal or undisclosed convenience, so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation,

the corporation remains a separate taxable entity. [Citing cases.]" 87 L ed 1502.

■ In the instant case the two corporations are valid corporations organized and recognized under the Oregon corporation statutes. The purpose and the reasons for incorporation are not important except insofar as they may relate to whether or not the corporations are conducting a regular business.

■ A corporation will be recognized as a separate jural person for tax purposes if it engages:

"* * * in some industrial, commercial, or other activity besides avoiding taxation: in other words, that the term 'corporation' will be interpreted to mean a corporation which does some 'business' in the ordinary meaning; and that escaping taxation is not 'business' in the ordinary meaning." *National Investors Corporation v. Hoey,* 144 F2d 466 (2d Cir 1944), 32 AFTR 1219, 122, 44-2 USTC ¶ 9407.

■ While a taxpayer has the right to incorporate and operate his business in a manner which will avoid or minimize his taxes, he is not permitted to use the corporate organization for no other activity than tax avoidance or tax minimization. *McGuire et al v. U. S., supra.*

As Mertens states in his *Law of Federal Income Taxation,* it is difficult "to draw a useful rule which will serve in all cases" to determine when a corporation is engaging in a commercial, industrial or other activity as compared to tax avoidance.[1]

"* * * Perhaps the best general statements of

[1] According to the plaintiffs the Internal Revenue Service has recognized plaintiffs' corporate identity for tax purposes. Plaintiffs' suits filed in the United States Tax Court were conceded by the service and the deficiencies were abated.

'the rule are that the corporate entity will be respected except 'in exceptional situations where it otherwise would present an obstacle to the due protection or enforcement of public or private rights'; and that, so long as the purpose for which the corporation is formed 'is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity.'" 2 Mertens, *Law of Federal Income Taxation,* § 17.05, p. 20.

The cases cited by the parties are not helpful because the facts are dissimilar.

In *Charles Laughton v. Commissioner,* 40 BTA 101 (1939), the actor was the beneficial owner of all the stock of an English theatrical corporation which had been organized to engage in the theatrical and motion picture business. The corporation contracted to pay Laughton a weekly sum for five years and Laughton agreed to perform acting services for the corporation. Acting contracts were also consummated between the corporation and various motion picture producers in Hollywood. The Tax Court found that the income paid to the corporation for Laughton's services was taxable to the corporation and not to Laughton. The activities of the corporation in contracting with various Hollywood producers, collecting the payments from them and actually starting to produce a play constituted more corporate business activities than are present in the instant case.

The same situation was true in *Fontaine Fox v. Commissioner,* 37 BTA 271 (1938), where the taxpayer, a cartoonist, was the president and sole owner of the stock of the corporation. Fox contracted to render exclusive services for the corporation for a monthly salary. The corporation contracted with a

newspaper syndicate for the use of the cartoons. The corporation also had other business transactions such as investments in real estate and stocks and bonds. Again, the corporate activities in *Fox* exceeded those in the instant case.

In *Floyd Patterson v. Commissioner,* 25 TCM 1230 (1966), the boxer and his manager organized a corporation to handle the boxer's television, radio and movie rights. The court found that the corporation was not a separate taxable entity. The court held that the corporation was formed for a "business" purpose but failed to carry through in its corporate activities and "failed to put flesh on the bones of the corporate skeleton." Patterson himself did not recognize the corporate entity in many instances in handling the income and expenses from the movie, television and radio activities. See also *Ingemar Johansson v. Commissioner,* 336 F2d 809 (5th Cir 1964), 14 AFTR2d 5605; 64-2 USTC ¶ 9743.

■ As bar pilots the plaintiffs occupy a unique status. They are licensed by the State of Oregon and the Federal Government. The Oregon Board of Pilot Commissioners is authorized to fix their fees at rates not less than those prescribed by ORS 776.115. ORS 776.405 restricts piloting to pilots licensed under chapter 776 (except the master or owner of the vessel.) ORS 776.510 states that the stimulation and preservation of maritime commerce on the bar and river pilotage grounds of this state is affected with the public interest. ORS 776.520 authorizes the licensed pilots to limit their liability by special contracts or tariffs. The suggested form for doing so states that the "services of the pilot are accepted on the express understanding that when he goes aboard the vessel

he becomes the servant of the vessel and its owners and operators." This is hardly true in fact because when the pilot goes aboard the vessel he sets the course and speed for the helmsman and, in general at least, because of his knowledge and experience with the bar, is charged with the responsibility of safely navigating the vessel over the bar. His status resembles that of an independent contractor.

The plaintiffs have been duly and regularly incorporated under the laws of Oregon and are authorized to own and maintain a marine piloting service. They have carefully recognized the corporation as a separate entity and complied with all the statutory or regulatory requirements applicable to corporations. The operation of a marine piloting service is a legitimate business activity. It should not be an obstacle that the business activities are the same after incorporation as they were before. This is true of many enterprises that are engaged in the same business both before and after incorporation. Neither should it be an obstacle that plaintiffs' business activities consist of the rendition of personal services. Many corporations such as advertising, investigation, sales and janitorial services, to name a few, are engaged in rendering strictly personal services for others. The fact that plaintiffs are the only employees of their respective corporations does not mean that plaintiffs are not conducting legitimate business activities. The nature of their work, the arrangement with the Columbia River Bar Pilots Association and the necessity of special licensing by the state and federal governments places the plaintiffs in a different category than a general business corporation.

The two corporations are entitled to be recognized as separate business entities for tax purposes.

. The commission makes .the additional argument that the fees received by the two corporations from the bar pilots association constitute an. assignment of income from Brown and McAlpin to the respective corporations. As a general rule a taxpayer cannot avoid the tax on income by assigning the right to receive it to another without also transferring the property from which the right arises. 2 Mertens, *Law of Federal Income Taxation,* § 18.02. The defendant's argument is without merit. The conclusion herein that the corporations are entitled to recognition as separate entities includes the finding that Brown and McAlpin were employees of their respective corporations. The income from the bar pilots association was received by the corporations and paid by the corporations to Brown and McAlpin or to their accountants for them. Since the income was properly corporate income there was no assignment of income by Brown or McAlpin either in fact or in substance.

The order of the commission is set aside.