James Alvin **ELROD**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 73–2823

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 8, 1974.

Hardy M. Parkerson, Lake Charles, La. (Court-appointed), for petitioner-appellant.

Donald E. Walter, U. S. Atty., Shreveport, La., for respondent-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

James Alvin Elrod has appealed from the district court's denial, without an evidentiary hearing, of his motion to vacate conviction and sentence.[1] We affirm the ruling below.

Appellant was convicted on his plea of guilty of three counts of passing counterfeit money, in violation of 18 U.S.C. § 472. He was sentenced on May 18, 1966 to serve five years on the first count. On the other two counts imposition of sentence was suspended and Elrod was awarded five years' probation to commence at the expiration of the sentence on the first count. There was no direct appeal.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Filed pursuant to the provisions of 28 U.S.C. § 2255.

Appellant alleged in his § 2255 motion that he is entitled to relief on grounds that (1) the district court failed to comply with Rule 11, F.R.Crim.P., and (2) Counts II and III of the criminal information failed to state facts sufficient to constitute offenses under the statute. In his motion for rehearing, Elrod added contentions: (1) that the validity of his plea should be determined as of the date on which his probation was revoked, wherefore the plea was invalid because the court failed to comply with the requirements of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); and (2) that he is entitled to relief because he never was informed of his right to take a direct appeal.

■ The district court correctly held that since Elrod pled guilty, there was no necessity to advise him of the right to appeal, citing this Court's decisions in Waddell v. Alldredge, 5 Cir., 1972, 457 F.2d 944, and Williams v. United States, 5 Cir., 1971, 443 F.2d 1151.

■ The court below held further that Rule 11 was adequately complied with as it existed prior to the effective date of the 1966 amendment to it. By necessary implication the court ruled that the date on which Elrod pled guilty, or the date on which imposition of sentence was suspended relative to the two counts involved in this case, was the date as to which the contemporaneous requirements of Rule 11 were applicable. We find no error in this ruling.

Appellant contends that the judgment was not final until July 14, 1972, the date on which he received his prison sentences on the two counts, citing Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943). The *Korematsu* case held, however, that an order placing a convicted defendant on probation without imposing sentence of imprisonment or fine is a final decision reviewable by the Court of Appeals. Since Elrod's judgment of conviction was final on May 18, 1966, we hold that the provisions of Rule 11 as it existed on that date were applicable to his case.

Our examination of the transcript of the proceedings at which Elrod pled guilty has caused us to agree with the district court that Rule 11 as it then existed was adequately complied with. See Ochoa v. United States, 5 Cir., 1972, 469 F.2d 86.

■ Appellant's contention that Counts II and III of the information fail to state an offense is based in part on his assumption that they are to be read separately from Count I. Counts II and III, however, incorporate the appropriate allegations of Count I concerning date and venue which render them entirely valid in those respects. See Rule 7(c), F.R.Crim.P.; United States v. Garrison, 7 Cir., 1960, 280 F.2d 493; United States v. Taylor, 2 Cir., 1953, 207 F.2d 437. Nor was it error for the information to omit the names of the persons to whom the counterfeit notes were passed. See United States v. Panzavecchia, 5 Cir., 1971, 446 F.2d 1293, cert. denied, 404 U.S. 966, 92 S.Ct. 343, 30 L.Ed.2d 286 (1971).

■ In his briefs filed in this Court, pro se and through counsel, Elrod has alleged several other grounds for § 2255 relief. Since they have not been presented to the district court, we will not adjudicate their merits on this appeal. Chunn v. Clark, 5 Cir., 1971, 451 F.2d 1005. The judgment of the district court denying § 2255 relief to Appellant Elrod is due to be, and is hereby, affirmed.