**Dennis T. McDONALD, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 79–110.**

District of Columbia Court of Appeals.

Submitted April 8, 1980.

Decided May 19, 1980.

---

Silas J. Wasserstrom and William J. Mertens, Public Defender Service, Washington, D.C., were on brief, for appellant.

Carl S. Rauh and Charles F. C. Ruff, U.S. Attys., Washington, D.C., Mark J. Biros and Pamela M. Sayad, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before KERN and PRYOR, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellant argues that his sentence should be vacated because it was based upon an incorrect interpretation of the statute allowing enhanced sentencing, D.C.Code 1973, § 22–104(a). We disagree for the reasons set forth in the trial court's comprehensive opinion, which we adopt as our own and set forth below.

## ORDER AND OPINION

This matter comes before the Court on the motion of defendant, Dennis T. McDonald, to vacate and correct sentence in which he claims that the sentence imposed by this Court was illegal because the increased penalty provisions of 22 D.C.Code 1973 § 104a were improperly applied to him in this case.

*Statement of Facts*

On March 20, 1975, defendant entered a plea of guilty to Receiving Stolen Property (felony). Prior to the entering of this plea, the Government filed notice of potential increased penalties pursuant to 22 D.C.Code 1973 § 104a[1] based upon the defendant having been previously convicted of Housebreaking on November 3, 1967, (Criminal No. 27–67) and Robbery on November 13,

1970, (Criminal No. 461–70). On June 18, 1975, this Court sentenced defendant to a period of incarceration of not less than five years and no more than fifteen years on the charge of Receiving Stolen Property. The execution of the sentence was suspended and defendant was placed on probation for a period of eight years with the special condition that he enroll in the Second Genesis Program and receive drug treatment. That condition was violated and a bench warrant for defendant's arrest was issued on October 10, 1975. The bench warrant was executed in November, 1977, and on January 27, 1978, this Court, after conducting a show cause hearing, at the conclusion of which defendant's probation was revoked, ordered the previously imposed sentence of five to fifteen years executed.

Defendant has now filed the instant motion to vacate and correct sentence, arguing that the five to fifteen-year sentence was illegal. He asserts that the maximum sentence that may be imposed on him for Receiving Stolen Property is ten years because he was not eligible for the increased penalty provided for in 22 D.C.Code § 104a. Defendant claims this is true because although he was convicted of Housebreaking (in 1967) prior to the commission of his second felony (robbery), he was not initially sentenced for that crime prior to the commission of his second felony (the robbery) as required by 22 D.C.Code § 104a(b)(2).

To fully understand defendant's contentions here the details of his prior criminal history must be outlined. On January 19, 1968, after having been convicted of his first felony (Housebreaking), defendant appeared before the Honorable Oliver Gasch

---

1. 22 D.C.Code § 104a provides in pertinent part:

(a) If—

(1) any person (A) is convicted in the District of Columbia of a felony, and (B) before the commission of such felony, was convicted of at least two felonies; and

(2) the court is of the opinion that the history and character of such person and the nature and circumstances of his criminal conduct indicate that extended incarceration or lifetime supervision, or both, will best serve the public

interest, the court may, in lieu of any sentence otherwise authorized for the felony referred to in clause (A) of paragraph (1), impose such greater sentence as it deems necessary,

(b) For purposes of paragraph (1) of subsection

(2) a person shall be considered as having been convicted of two felonies if his initial sentencing under a conviction of one felony preceded the commission of the second felony for which he was convicted.

who suspended imposition of his sentence and placed defendant on probation for a period of three years. Defendant then committed his second felony (Robbery) on January 23, 1970. On June 2, 1970, Judge Gasch revoked defendant's previously imposed probation and sentenced him under section 5010(b) of the Federal Youth Corrections Act. On November 13, 1970, defendant was convicted of Robbery and later received a sentence of two to six years. Defendant now argues that he was not initially sentenced on the Housebreaking charge (his first felony) within the meaning of 22 D.C.Code § 104a(b)(2) until Judge Gasch revoked his probation on June 2, 1970, and since this did not occur prior to the commission of his second felony (the robbery), he was not convicted of two felonies within the meaning of 22 D.C.Code § 104a(b)(2) for purposes of sentencing in the instant case. In other words, he claims that the action of Judge Gasch in suspending the imposition of sentence and placing defendant on probation on January 19, 1968, did not constitute an "initial sentencing" under § 104a(b)(2).

*Issues*

23 D.C.Code § 110, pursuant to which defendant has filed his motion to vacate and correct sentence, requires that a hearing be held on such a motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." Therefore, the first issue which must be decided here is whether or not a hearing must be held on defendant's motion.

The second issue presented is whether the proceeding on January 19, 1968, at which Judge Gasch suspended imposition of sentence and ordered defendant placed on probation was an "initial sentencing" within the meaning of 22 D.C.Code § 104(a)(b)(2), thus making defendant eligible for the increased penalty assessed in the instant case.

*Conclusions of Law*

### Hearing Requirement

In the recent case of *Pettaway v. United States,* 390 A.2d 981 (D.C.App.1978) the District of Columbia Court of Appeals examined the standards by which it can be determined whether or not a motion filed pursuant to 23 D.C.Code § 110 requires a hearing.

In giving practical effect to this rule under § 23–110, . . . the courts have developed three categories of claims which do not merit hearings. First, "palpably incredible" . . . claims can be summarily handled. . . . Second, a motion which fails to state a claim can be denied without a hearing. The assertions of a movant do not "state a claim" when, even if true, they would not entitle him or her to relief under the terms of § 23–110(a). . . . Finally, "vague and conclusory" allegations do not trigger § 23–110's hearing requirement. *Id.,* at 984.

The motion in the instant case is neither "palpably incredible" nor "vague or conclusory." This court must therefore examine defendant's assertions to determine whether, if accepted as true, they would entitle him to the relief he requests. There are no factual issues to be decided here, (see Defendant's Reply to Government Opposition to Motion to Vacate and Correct Sentence at 5) and the only dispute is over what the proper interpretation of D.C.Code § 22–104a should be. If the defendant's interpretation is correct his motion must be granted, and if the Government is correct defendant's assertions will not entitle him to relief. There is therefore no need for a hearing on this matter, and the Court now turns to the merits of the motion.

### Application of Increased Penalties to Defendant

Defendant's primary argument is that "suspension of imposition of sentence coupled with a probation order [hereafter ISS-probation] cannot be fairly construed to constitute "initial sentencing" within the meaning of D.C.Code 1973, § 22–104a(b)(2)." (Defendant's memorandum of points and authorities, at 1.) Thus, he argues, the proceeding on January 19, 1968, at which Judge Gasch suspended imposition of sentence after defendant's conviction of

Housebreaking was not the "initial sentencing" on that charge, and defendant was therefore not eligible for the increased penalties of § 22–104a because he was not sentenced for Housebreaking before he committed his second felony.

■ Defendant contends that when a judge suspends the imposition of sentence and places a defendant on probation, this does not constitute a "sentencing." Defendant cites as authority the cases of *Korematsu v. United States*, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943); *Roberts v. United States*, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943); and *Thomas v. United States*, 129 A.2d 852 (D.C.Mun.App.1957). Upon reading these cases, however, the Court notes that they do not support defendant's position at all. For example, in the *Korematsu* case, after a finding of guilt the pronouncement of judgment was suspended and the defendant was placed on probation for five years. Korematsu appealed his conviction, but the Ninth Circuit Court of Appeals ruled that it did not have jurisdiction to hear the appeal because Korematsu had not been formally sentenced. The Supreme Court reversed saying:

> It has often been said that there can be no "final judgment" in a criminal case prior to actual sentence, . . . and this proposition was restated in *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 165, 82 L.Ed. 204, . . . ["Final judgment in a criminal case means sentence. The sentence is the judgment."] . . .

The "sentence is judgment" phrase has been used by this Court in dealing with cases in which the action of the trial court did not in fact subject the defendant to any form of judicial control. . . But certainly when discipline has been imposed, the defendant is entitled to review.

> . . . [P]robationary surveillance is the same whether or not sentence is imposed. . . . These . . . incidents of probation emphasize that a probation order is "an authorized mode of mild and ambulatory punishment, the

probation being intended as a reforming discipline." . . .

The difference to the probationer between imposition of sentence followed by probation . . . and suspension of the imposition of sentence, . . . is one of trifling degree. . . . In either case, the liberty of an individual judicially determined to have committed an offense is abridged in the public interest. . . . Here, litigation "on the merits" of the charge against the defendant has not only ended in a determination of guilt, but it has been followed by the institution of the disciplinary measures which the court has determined to be necessary for the protection of the public. *Korematsu v. United States*, 319 U.S. at 434, 435, 63 S.Ct. at 1125. *See also, Thomas v. United States, supra.*

Thus, for purposes of appeal, there is no difference between the actual imposition of a sentence of imprisonment following conviction of a crime and placing a defendant on probation. Nor does the Supreme Court in such a situation see more than a "trifling" difference between probation orders entered after imposition and suspension of sentence and those following suspension of imposition of sentence. It appears to this Court that at least for purposes of finality of judgment while the Supreme Court has not come right out and said that placing a convicted criminal on probation is a sentencing, it has said that it is the functional equivalent.

Superior Court Criminal Rule 32(c), entitled "Sentencing," states in subsection 2:

> Sentence shall thereafter be pronounced. Unless the court pronouncing a sentence otherwise provides, a sentence imposed on a defendant for conviction of an offense shall run consecutively to any other sentence imposed on such defendant for conviction of an offense. *The defendant may be placed on probation unless otherwise provided by law* . . . [emphasis added]

Thus, according to our own Superior Court Rules, "sentencing" includes placing a defendant on probation.

Finally, the legislative history of section 104a clearly demonstrates that the Congress intended that a probation order was to be included in the definition of "initial sentencing."

> *Section 104* authorizes the imposition, under carefully prescribed circumstances, of a sentence of imprisonment for an indeterminate number of years up to life. The sentence may be imposed only upon a person who stands convicted of a felony, and who has been twice previously convicted of a felony. Moreover, the legal test of such prior convictions is revised in section 104 as reported to make clear that the two previous felony convictions must indicate, by the relative timing of their occurrence, a return twice to serious criminal conduct after having been previously sentenced for the commission of a felony. For example, a person who is convicted on a multiple-count indictment is deemed by that fact alone, and for purposes of this provision, to have committed a single felony only. S.Rep.No. 91–538, 91st Cong., 1st Sess. (1969).

The House of Representatives report on the section which ultimately became § 22–104a employs the following language:

> Section 907A(a) [§ 22–104a] is added to the Act of March 3, 1901, and gives the sentencing judge discretion, when he deems it will serve the public interest, to impose life imprisonment upon a convicted felon who has not been deterred or rehabilitated by two previous felony sentences. This provision applies only when the offender's successive offenses have been committed after he has been sentenced for previous crimes. Only when a criminal has shown his disregard for law by at least three successive courses of felonious conduct, and thus ignored at least two opportunities to reform can this provision be utilized. H.Rep.No. 91–907, 91st Cong., 2d Sess. (1970).

Both of the reports cited above indicate that in enacting section 104a the Congress intended to provide judges with a sentencing alternative allowing them to impose additional punishment on convicted felons with two previous felony convictions. Congress was careful, however, to limit the provisions of the section to those who had "ignored at least two opportunities to reform," thus eliminating its application to persons convicted on a single multiple count indictment. That the two previous opportunities to reform should include probation is evidenced in the following excerpt from a Justice Department summary of what later became section 104a which was entered into the Congressional Record by Senator Hruska and Representative Nelsen, two of the sponsors of the bill:

> Item (2) is new. It provides for lifetime supervision of repeating felony offenders. The sanction would apply to persons who have engaged in a third separate course of felonious conduct, *undeterred* by two terms of probation or imprisonment, and only in the discretion of the sentencing judge. [emphasis added] 115 Cong.Rec. 19268, 19613.

Defendant's attempt to make this rather clear language appear meaningless by claiming it should be ignored because the Administration and the Congressional majority were of two different political parties is unpersuasive.

■ Defendant falls squarely within the category of criminals to whom the section was intended to apply. He was convicted of Housebreaking on November 3, 1967, and was placed on probation after the imposition of sentence was suspended. Undeterred by this opportunity for reform, he committed another felony in January, 1970, and was convicted of Robbery and Carrying a Dangerous Weapon. He was sent to prison on those convictions, but remained undeterred and on March 20, 1975, he was convicted of the instant offense. The Supreme Court in *Korematsu v. United States, supra,* says that for purposes of finality of judgment, an order of probation is the equivalent of a prison sentence, and the same reasoning applies to the situation here. Defendant was given two clear chances to reform and for reasons known to himself chose to ignore both of them. Although, as defendant argues, criminal statutes are to be construed strictly, they are

"not to be construed so strictly as to defeat the obvious intention of the legislature." *Rouse v. United States,* 391 A.2d 790, 791 (D.C.App.1978).

\* \* \* \* \* \*

Accordingly, we conclude the trial court's denial of appellant's motion should be affirmed.

*So ordered.*