Jasper M. CLAYTON, Appellant,

v.

UNITED STATES, Appellee.

No. 80–125.

District of Columbia Court of Appeals.

Argued Dec. 3, 1980.

Decided April 21, 1981.

■

---

Robert E. McMillen, Washington, D. C., appointed by the court, for appellant.

A. Carlos Correa, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry and John R. Fisher, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before KELLY, KERN and PRYOR, Associate Judges.

KELLY, Associate Judge:

Appellant was indicted on August 4, 1974, on charges of armed robbery, robbery, assault with a dangerous weapon and carrying a dangerous weapon. D.C.Code 1973, §§ 22–2901; –3202; –2901, –502; –3204. A motion to suppress evidence was granted in part and the government appealed. However, on January 17, 1975, the government's motion to dismiss its interlocutory appeal was granted and, pursuant to a bargain with the United States Attorney, on January 22, 1975, appellant entered a plea of guilty to the lesser included offense of simple assault. The judge then suspended imposition of sentence and told appellant he was "free to go." The court issued an order

of release and although an appropriate notation was made on the docket jacket, no formal judgment of conviction was entered as required by Super.Ct.Cr.R. 32(d).

More than three years later, on June 23, 1978, appellant filed a "Motion to Dismiss with Prejudice and Correct Errors of Record," alleging that a judgment of conviction had never been lawfully entered nor lawfully pronounced; that the court's order suspending sentence was unauthorized and that the cause should be dismissed for want of prosecution, since to require appellant to appear at this point for sentencing would violate his right to due process and a speedy trial. In addition to requesting an order dismissing the case, appellant sought correction of an entry in the records of the court indicating he was convicted of simple assault.

Appellant's motion to dismiss was denied, and although the court agreed to set the record straight, it was not in the way appellant had suggested. The court instead entered a judgment and commitment form on the record on September 9, 1980, *nunc pro tunc* to December 31, 1979. The court also issued an opinion on December 31, 1979, detailing the legal basis for a disposition with imposition of sentence suspended and holding that an implied condition of such disposition is good behavior by the defendant. Finally, in its opinion the court reasoned due process of law required the suspension be for a definite time, and that that time period should be the maximum period of incarceration for which the defendant could have been sentenced for the offense. Therefore, the maximum sentence for simple assault being one year, the court held appellant could no longer be sentenced for the crime.

The omission from the record of the judgment order was a clerical error which the trial court had authority to correct. Super. Ct.Cr.R. 36; see *Wise v. United States*, D.C. App., 293 A.2d 869 (1972). We also agree that the disposition, imposition of sentence suspended, is authorized by statute, and ap-pellant can no longer be sentenced for this crime. However, we deem it unnecessary to decide whether or not there is a period during which a defendant may be resentenced following conviction and suspension of imposition of sentence, and assuming there is, whether that period is always equal to the maximum period for which the defendant could have been sentenced to prison.

■ It is settled law that a sentencing court has no authority to impose a sentence of a nature or in a manner not authorized by statute. *Ex Parte United States*, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916). The statute authorizing suspension of imposition of or execution of sentencing in the Superior Court is D.C.Code 1973, § 16–710, which provides in pertinent part:

> In criminal cases in the Superior Court of the District of Columbia, the court may, upon conviction, suspend the imposition of sentence or impose sentence and suspend the execution thereof, for such time and upon such terms as it deems best, if it appears to the satisfaction of the court that the ends of justice and the best interests of the public and of the defendant would be served thereby. In each case of the imposition of sentence and the suspension of the execution thereof, the court may place the defendant on probation under the control and supervision of a probation officer . . . .

Enactment of the statute in this form was prompted by the decision in *Ziegler v. District of Columbia*, D.C.Mun.App., 71 A.2d 618 (1950), where it was held there was no statute in the District giving general authority to suspend execution of sentence. The legislative history of § 16–710 shows quite clearly that in providing authority to suspend imposition or execution of sentence, the intention of the Congress was to permit disposition in "run-of-the-mine petty offenses" without a prison sentence and without burdening the limited staff of the probation office. See H.R.Rep.No.193, 83rd Cong., 1st Sess. (1953). Consistent with

that intention, we held in *Schwasta v. United States*, D.C.App., 392 A.2d 1071 (1978), that a trial court may not under the statute suspend imposition of sentence and order probation.

■ Appellant asserts that because the court attached no sanction or disciplinary condition to the suspension of imposition of sentence, no judgment of conviction was pronounced. We disagree. In *Korematsu v. United States*, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943), the Supreme Court, addressing the question of whether or not a suspension of the imposition of sentence with an order of probation was a final judgment from which a defendant could appeal, answered in the affirmative. In *Thomas v. United States*, D.C.Mun.App., 129 A.2d 852 (1957), the predecessor of this court held a defendant convicted of indecent assault had a right of appeal notwithstanding that imposition of sentence was suspended. In *Thomas*, the sentencing court "exacted of defendant a promise in the form of a bond that he would not repeat the offense," which the appellate court regarded as a "form of discipline or judicial control." However, the absence of a bond or other formal sanction does not render appellant's conviction infirm. There is no requirement in the statute that the sentencing court must include some form of judicial control where imposition of sentence is suspended. *See Schwasta v. United States, supra.**

■ In support of his argument, appellant cites two recent decisions of this court: *Matter of Cys*, D.C.App., 362 A.2d 726 (1976), and *West v. United States*, D.C.App., 346 A.2d 504 (1975). However, those cases are easily distinguished. In *Cys*, we held a citation for criminal contempt was not an appealable order absent imposition of some sanction, whether it be a fine, probation or a jail term. In *West*, we held an appeal

from an order adjudicating contempt filed before the announcement of sentence was premature, and therefore dismissed the appeal for lack of jurisdiction. Neither case provides support for appellant's argument because both cases address only the issue of whether there was a right to appeal, before pronouncement of sentence, and neither case involved a disposition under § 16–710. It is obvious from the language of that statute, and its legislative history, that disposition by suspending imposition of sentence is an appropriate alternative for terminating a criminal case where a defendant has either pleaded guilty or been found guilty by the court or a jury. The absence of a formal sanction does not negate the conviction.

■ We do not decide whether, after suspending imposition of sentence under § 16–710, the court may later impose a prison sentence or order probation. In this case there was no request by the government nor an attempt by the court to do so. The trial court ruled that because a period of time had passed equal to the length of the maximum prison term for this offense, appellant could no longer be sentenced. We affirm the result in this case but decline the invitation to determine whether the rule formulated below is appropriate in all cases. Our reluctance to render an advisory opinion is based upon the sound judicial rule of not deciding abstract, hypothetical or moot questions, the determination of which will lead to no practicable relief. *Smith v. Worksman*, D.C.Mun.App., 99 A.2d 712 (1953); *District of Columbia v. Walters*, D.C.App., 319 A.2d 332, 338 n.13, *cert. denied*, 419 U.S. 1065, 95 S.Ct. 650, 42 L.Ed.2d 661 (1974); *see United States v. Appalachian Power Co.*, 311 U.S. 377, 61 S.Ct. 291, 85 L.Ed. 243 (1940). Therefore, we affirm only the result reached on appellant's motion.

*So ordered.*

---

* We need not decide whether or not there is implied in every suspension of imposition of sentence a requirement of lawful conduct. However, if there is, it would make no sense for a court to require a defendant to give a personal bond not to repeat the offense. *See Thomas v. United States, supra.*