BARRY, Judge,
dissenting.
I strongly disagree with the majority and State v. Ruth, 470 So.2d 167 (La.App. 4th Cir.1985) on which they rely.
Karl Jupiter, a first offender, pleaded guilty to possession of cocaine, R.S. 40:967, but reserved his right to appeal the denial of his motion to suppress. La.R.S. 40:983; State v. Crosby, 338 So.2d 584 (La.1976). The trial court accepted the plea and fined Jupiter $500.00 and placed him on one year active probation.
Jupiter’s appeal concerns probable cause for the seizure. The facts clearly show no legal basis for the warrantless search, hence, no basis for the sentence. The net result of the majority’s holding is that Jupiter will discharge a sentence by paying a fine and being deprived of his unrestricted freedom. A probation sentence (and fine) is certainly punishment. See Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943).
La.C.Cr.P. Art. 871 defines a sentence as “the penalty imposed by the court on a defendant upon a plea of guilty_” Jupiter’s sentence is “[a] judgment which imposes a sentence,” appealable under La.C. Cr.P. Art. 912.
Jupiter was not advised (unlike Ruth) that he was giving up his right to appeal the denial of his motion to suppress. To the contrary, his plea was predicated on his right to have review of the contested seizure.
C.Cr.P. Art. 912 provides that a final judgment or ruling is appealable. I can’t imagine anything more final than the ruling which denied Jupiter’s motion to suppress. See Korematsu v. United States, supra.
The majority’s logic also effectively insulates the trial judge from any supervisory or appellate constraints.
To hold that Jupiter has no right to appeal the unconstitutional search ruling which precipitated his guilty plea constitutes a due process violation. La. Const. Art. I, § 2.