824 P.2d 194

STATE of Idaho, Plaintiff–Respondent,

v.

Richard Dale SHERER, Defendant–Appellant.

No. 19103.

Court of Appeals of Idaho.

Jan. 31, 1992.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

The appellant, Richard Dale Sherer, pled guilty to the crime of sexual abuse of a child under the age of sixteen years. I.C. § 18–1506. He received a unified sentence of ten years in the custody of the Board of Correction, with a minimum period of confinement of 600 days, and the court credited 525 days of presentence incarceration against the minimum term of confinement ordered. After expiration of the 75 days remaining as the balance of the minimum period of confinement, Sherer sought reconsideration of his sentence under I.C.R. 35. He requested that the court either release him on probation or reduce his sentence to the period already served in confinement. The court denied the motion and Sherer appealed.

■ The sole question for review is whether the district court abused its discretion in denying Sherer's motion for reconsideration of his sentence. We hold that the court did not abuse its discretion and affirm the order denying the motion.

■ A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for reduction of sentence will not be disturbed absent a showing that the court abused its sentencing discretion. The criteria for examining rulings denying the leniency requested are the same as those applied in determining whether the original sentence was reasonable. *Lopez*, at 450, 680 P.2d at 872. A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). If the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion.

The background for Sherer's conviction and sentence is as follows. On two occasions he invited two ten-year-old boys to spend the night at his apartment. There, he gave the boys alcohol, showed them pornographic movies, masturbated in front of them and got them to masturbate themselves. When the children went to bed, Sherer crawled into bed with them and began to cuddle with them; the boys did not disclose if any sexual penetration occurred. He subsequently was indicted on two counts of sexual abuse of a child under the age of sixteen years. Pursuant to plea negotiations, he pled guilty to one count and the other count was dismissed.

Sherer was 60 years old when he was sentenced in this case. For several months preceding the sentencing date he had undergone extensive counseling and treatment, at his own expense, for a condition described by his psychologist as "homosexual hebaphilia"—a strong erotic attraction to post-pubescent young males. This treatment terminated when Sherer's source of funds ran out. Prior to his arrest in this case, Sherer had been incarcerated for over 23 years, at various times and in four different states, for sexual crimes involving young boys. He was on parole from Minnesota when the crime in this case occurred.

Sherer does not claim that his sentence was unlawful nor does he challenge the minimum period of confinement of 600 days ordered by the district court, which had already expired when he requested reconsideration of his sentence. Rather, he argues that the court's refusal to grant a reduction of his sentence was an abuse of discretion because continued incarceration under the indeterminate portion of his sentence would not further any of the substantive sentencing goals. He relies heavily on the reports of his treatment by the privately retained psychologist and counseling service while he was incarcerated awaiting sentencing. Those reports indicate that Sherer is amenable to treatment which could lessen his risk as a danger to society. He submits that the Board of Correction has no similar treatment program available to inmates in the state's penal system. He argues that he will simply be "warehoused" until he is released from the custody of the Board.

Consideration of these arguments does not, however, persuade us that the court abused its discretion in refusing to reduce the indeterminate portion of Sherer's sentence. The record on appeal indicates that the district court was well aware of the deficiencies in the correctional program at the time Sherer was sentenced. Nevertheless, the record reflects the district court's

proper consideration of other sentencing goals, particularly the protection of society. With respect to the indeterminate period of Sherer's sentence—eight years and 130 days—we are unable to speculate as to the actual term of confinement beyond the minimum period which he already has served because the Commission on Pardons and Parole is vested with the discretion to grant or deny parole at any time after completion of the fixed term until the expiration of the maximum period set by the court. I.C. § 19–2513; *State v. Bartlett,* 118 Idaho 722, 800 P.2d 118 (Ct.App.1990).

We cannot say that the court erred by refusing to grant any leniency to Sherer by reducing the indeterminate portion of the sentence.

The order denying relief under I.C.R. 35 is affirmed.