153 P.3d 1193

STATE of Idaho, Plaintiff–Respondent,

v.

Ronald Kenneth CASPER, Defendant–Appellant.

No. 31770.

Court of Appeals of Idaho.

Jan. 26, 2006.

Rehearing Denied April 26, 2006.

Review Denied March 16, 2007.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

Ronald Kenneth Casper entered an *Alford*[1] plea to burglary. I.C. § 18–1401. In exchange for his guilty plea, additional charges were dismissed including an allegation that Casper was a persistent violator. In January 2002, the district court sentenced Casper to a unified term of ten years, with a minimum period of confinement of three years. After being granted post-conviction relief for his defense attorney's failure to file a timely appeal, Casper now appeals challenging only the length of his sentence. Casper has already served the minimum three-year period. Therefore, Casper asserts that special circumstances exist to warrant a review of the indeterminate portion of his sentence, which he contends is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991); *State v. Lopez*, 106 Idaho 447, 449–51, 680 P.2d 869, 871–73 (Ct.App.1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). When reviewing a sentence imposed under the Uniform Sentencing Act, we treat the minimum period of incarceration as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct. App.1989). By focusing on this period, we do not wholly disregard the aggregate length of the sentence, but we recognize that a defendant will be eligible for parole at that time. *Id.* The indeterminate portion of a sentence will be examined on appeal only if the defendant shows that special circumstances require consideration of more than the fixed period of confinement. *State v. Bayles*, 131 Idaho 624, 628, 962 P.2d 395, 399 (Ct.App. 1998); *State v. Herrera*, 130 Idaho 839, 840, 949 P.2d 226, 227 (Ct.App.1997).

Casper argues that, because he has already served the entire determinate term of his sentence and has not been given a release date for parole, his appeal presents a special circumstance in which this Court should review the indeterminate term. We agree that, once a defendant has served the determinate term and parole has been denied, it can no longer be said that the determinate term is the "probable measure of confinement." *See Sanchez*, 115 Idaho at 777, 769 P.2d at 1149. Therefore, the record supports Casper's assertion that he has re-

---

1. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

butted any presumption which only allows review of the determinate term.

 However, our inquiry does not end there. As previously concluded by this Court:

> [We] are unable to speculate as to the actual term of confinement beyond the minimum period which a defendant already has served because the Commission on Pardons and Parole is vested with the discretion to grant or deny parole at any time after completion of the fixed term until the expiration of the maximum period set by the court.

*State v. Sherer*, 121 Idaho 263, 265, 824 P.2d 194, 196 (Ct.App.1992). Whether and when Casper will be paroled is solely within the discretion of the Commission of Pardons and Parole. In this circumstance, it is impossible to predict, as a probability, any particular term of years that Casper may actually serve. Thus, there is no "probable term" of confinement for review.

We hold that, although a defendant having served his or her entire determinate term rebuts the presumption of the determinate term being the "probable measure of confinement," it does not, standing alone, provide this Court with special circumstances sufficient for a review of the indeterminate term. Therefore, Casper's judgment of conviction and sentence are affirmed.

