175 P.3d 211

STATE of Idaho, Plaintiff–Respondent,

v.

Denise Renee WHITTLE, Defendant–Appellant.

Nos. 33263, 33264.

Court of Appeals of Idaho.

Dec. 18, 2007.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

In this consolidated appeal, Denise R. Whittle appeals her sentences for felony injury to child and consecutive sentences for fourteen counts of grand theft. We affirm the sentence for injury to a child but modify the grand theft sentences.

## I.

## BACKGROUND

Whittle was the legal guardian of six-year-old Lizzy Goodwin, who was autistic. On an October evening in 2002, Whittle bathed Lizzy in the bathtub. According to Whittle, Lizzy wanted to play in the water, so Whittle left momentarily to look up a telephone number. After finding the number, Whittle checked on Lizzy and found her lying face down in the water. Lizzy was dead from drowning.

For Lizzy's death, Whittle was charged with involuntary manslaughter, Idaho Code § 18–4006(2). She was also charged with felony injury to child, I.C. § 18–1501(1), for a burn that Lizzy had suffered earlier while in the care of Whittle and her husband; and misdemeanor injury to a child, I.C. § 18–1501(2), for other abuse inflicted on Lizzy by the Whittles. Pursuant to a plea agreement, the prosecutor amended the information to allege that Whittle committed one count of felony injury to a child by "causing a burn to the back of [Lizzy] or willfully causing or permitting the child to be placed in a situation endangering her health or person, from which she died due to drowning." Whittle

pleaded guilty by *Alford*[1] plea to this amended charge, and the remaining charges were dismissed. The district court imposed a unified ten-year sentence with eight years determinate. The sentence was suspended, however, and Whittle was placed on probation after she successfully served a period of retained jurisdiction.

While on probation, Whittle stole nine checks from two employers and cashed these checks for a total of almost $8,300. Over a five-week period in February and March 2005, Whittle stole five checks from her first employer. These checks were made payable to Whittle, Whittle's husband, and a friend,[2] in the amounts of $405.25, $800, $1,458, $850, and $775. While employed by a different employer in November 2005, she was given the responsibility to deliver twenty blank, pre-signed payroll checks to the company's bookkeeper, who worked at another office. Whittle stole four of these checks and issued them to herself in the name Denise R. Dickess (the name she was using at the time of her employment) in amounts of $850.42, $875.62, $832.48, and $1,435.80. As a result of the thefts, Whittle's probation was revoked in the injury to child case and the sentence was executed.

For withholding and cashing the checks, Whittle was charged with fourteen counts of grand theft, I.C. § 18–2403, –2407.[3] She agreed to plead guilty to all counts in exchange for the prosecutor's agreement to recommend unified ten-year sentences with three years determinate, all to run concurrent with Whittle's sentence for felony injury to a child. At the sentencing hearing, the prosecutor made the agreed recommendation, but the district court instead imposed indeterminate five-year sentences for each of the fourteen counts, to run consecutive to one another and to the injury to child sentence. Thus, Whittle's aggregate sentence for the injury to child and grand theft convictions is eighty years, eight years determinate followed by seventy-two years indeterminate. She appeals, contending that these sentences are excessive.

## II.

## DISCUSSION/ANALYSIS

### A. Standard of Review

■ Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). In evaluating the reasonableness of a sentence, we consider the nature of the offense and the character of the offender, taking into account the objectives of sentencing against which the reasonableness of a sentence is to be measured, including the protection of society, the deterrence of crime, the rehabilitation of the offender and punishment or retribution. *See State v. Hernandez*, 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991); *State v. Lopez*, 106 Idaho 447, 449–51, 680 P.2d 869, 871–73 (Ct.App.1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). We will find that the trial court abused its discretion in sentencing only if the defendant, in light of the objectives of sentencing, shows that her sentence was excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

---

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. The friend was a social worker who had worked with Lizzy Goodwin and had testified for Whittle at the proceedings related to Lizzy's death. Whittle asked this friend to cash the check, and pretended to call her employer to confirm that she had permission to do so when the friend expressed concern about the legality of the transaction.

3. Nine of the felony counts were for the acts of taking or withholding each of the checks. I.C. §§ 18–2403(2), –2407(b)(3). The five other counts were for the acts of obtaining the victims' money by cashing the checks, I.C. §§ 18–2403(2), –2407(b)(1). Two of the checks that Whittle cashed exceeded $1,000, thus individually qualifying as a grand theft under I.C. § 18–2407(b)(1). Because the other eight checks were in amounts less than $1,000, the prosecution aggregated them together to charge Whittle with grand theft for three series of thefts in which more than $1,000 was stolen. I.C. § 18–2407(b)(8).

## B. The Sentence for Felony Injury to Child

Whittle argues that her sentence for felony injury to child, eight years determinate followed by two years indeterminate, is excessive. To the extent that Whittle argues that this sentence was unreasonable as initially imposed, we cannot consider the issue because the appeal is untimely. The sentence was imposed on May 11, 2004. The time to file an appeal is ordinarily forty-two days, but because the district court retained jurisdiction, the time to file an appeal was extended until November 8, 2004, when the district court placed Whittle on probation. *See* Idaho Appellate Rule 14(a). Thus, Whittle had until December 20, 2004, to appeal this sentence. She filed a notice of appeal on December 21, 2004, but the Idaho Supreme Court dismissed that appeal as untimely. The present appeal was filed on June 28, 2006, and is timely only from the revocation of Whittle's probation on May 26, 2006. Therefore, we cannot review the reasonableness of the sentence when imposed, *see State v. Dryden*, 105 Idaho 848, 852, 673 P.2d 809, 813 (Ct.App.1983); *State v. Tucker*, 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct.App.1982), but we will construe Whittle's appeal as a challenge to the district court's decision to revoke probation without reducing her sentence sua sponte, as a trial court is empowered to do by Idaho Criminal Rule 35.

When we review a sentence that is ordered into execution following a period of probation, we do not base our review solely upon the facts existing when the sentence was imposed. Rather, we also examine all the circumstances bearing upon the decision to revoke probation and execute the sentence, including events that occurred while the defendant was on probation. *State v. Adams*, 115 Idaho 1053, 1055, 722 P.2d 260, 262 (Ct. App.1989); *State v. Grove*, 109 Idaho 372, 373, 707 P.2d 483, 484 (Ct.App.1985).

■ Whittle argues that the sentence was unreasonable because she had suffered a tormented childhood, endured an abusive marriage, felt remorse for Lizzy's death, and suffers from certain mental disorders.[4] We

disagree. The offense to which she pleaded guilty is very grave, and there was evidence before the sentencing court of several other episodes of serious physical abuse of Lizzy while she was in Whittle's care. Whittle was given an opportunity for probation but soon violated the conditions of probation by committing fourteen new felonies. Under these circumstances, the sentence for felony injury to a child is not unduly harsh.

## C. The Sentences for Grand Theft

■ We find more problematic the district court's imposition of consecutive indeterminate sentences of five years each for fourteen counts of grand theft, resulting in an aggregate indeterminate sentence of seventy years. We conclude that these sentences must be modified.

This Court has long adhered to two parameters in reviewing sentences: first, we have held that the fixed or determinate term, i.e., the minimum period of confinement, "generally will be treated as the probable measure of confinement for the purpose of sentence review," *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989); and, second, we have not normally considered the indeterminate portion of a defendant's sentence but "leave open the possibility for an appellant to establish that special circumstances require consideration of more than the fixed period of confinement." *State v. Herrera*, 130 Idaho 839, 840, 949 P.2d 226, 227 (Ct.App.1997). *See also State v. Casper*, 143 Idaho 847, 848, 153 P.3d 1193, 1194 (Ct. App.2006); *State v. Medrain*, 143 Idaho 329, 334, 144 P.3d 34, 39 (Ct.App.2006); *State v. Bayles*, 131 Idaho 624, 627–28, 962 P.2d 395, 398–99 (Ct.App.1998). The second of these parameters was recently overturned by the Idaho Supreme Court, however, in *State v. Oliver*, 144 Idaho 722, 726 n. 1, 170 P.3d 387, 391 n. 1 (2007). In *Oliver*, the defendant received a unified five-year sentence with one year determinate for felony driving under the influence. In challenging the indeterminate portion of the sentence, the defendant argued that it was unreasonable for him to be subject to parole supervision for four years after release from prison. The Su-

4. Whittle has been diagnosed with borderline personality disorder, depression, and anxiety.

preme Court reiterated the aforementioned presumption that the fixed portion of the sentence will be the defendant's probable term of confinement, *Oliver*, 144 Idaho at 726, 170 P.3d at 391, but also held that "[a] defendant challenging his or her sentence on appeal need not show special circumstances in order for the appellate court to review the entire sentence, including the indeterminate portion." *Id.* at 726 n. 1, 170 P.3d at 391 n. 1. The Court then reviewed the indeterminate portion of Oliver's sentence as a period of parole, holding that it was not an excessive period for parole supervision. *Id.* at 727, 170 P.3d at 392. Accordingly, we must review Whittle's fourteen indeterminate terms to assess whether the cumulative period of seventy years is reasonable as a term of parole.

 An indeterminate sentence enables the Commission of Pardons and Parole to place an inmate on parole and supervise her reintegration into society while still effectuating the objectives of sentencing. *See State v. Amerson*, 129 Idaho 395, 408, 925 P.2d 399, 412 (Ct.App.1996). The curtailment of certain liberties during parole, while less severe than imprisonment, also provides a measure of continuing punishment and retribution for the crime. *See Heath v. State*, 94 Idaho 101, 103, 482 P.2d 76, 78 (1971). The threat of parole revocation and the restrictions placed on the parolee are intended to deter crime and protect society, *State v. Klingler*, 143 Idaho 494, 497, 148 P.3d 1240, 1243 (2006), to provide rehabilitative opportunities to the parolee and prepare her for full return to society, *Korematsu v. United States*, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943); *Heath*, 94 Idaho at 104 n. 9, 482 P.2d at 79 n. 9, to prevent the parolee from returning to a dangerous or unhealthy lifestyle, *Oliver*, 144 Idaho at 727, 170 P.3d at 392, and to facilitate the payment of restitution to the victim where such payment is required as a condition of parole. *State v. Allen*, 143 Idaho 267, 273, 141 P.3d 1136, 1142 (Ct.App.2006).

In light of these objectives, and considering the nature of Whittle's grand theft offenses and the evidence of her character, a seventy-year period of parole is, in our view, clearly excessive. From February to March 2005, Whittle stole five checks from her first employer at a rate of approximately one per week and cashed those checks for an aggregate amount of $4,288.25. Later, during the first week of November 2005, she stole four blank, pre-signed checks from a different employer and cashed those checks for an aggregate amount of $3,994.32. While these are serious offenses, the conduct here is less egregious than the charge of fourteen counts of grand theft might initially suggest. There were two criminal enterprises against two victims, with a total theft of less than $8,300. Nine checks were involved, but by segregating the act of taking the checks from the act of cashing them, the prosecutor charged fourteen separate felonies. Prior to the crimes at issue on this appeal, Whittle had been charged with no felonies. Her criminal record consisted of misdemeanor domestic battery in 1994, misdemeanor issuing an insufficient funds check in 1996, and misdemeanor disturbing the peace in 2002. Significantly, by the time of sentencing, Whittle had paid back half of the sums that she had stolen. Whittle was thirty-seven years old at sentencing, and indeterminate sentences aggregating seventy years would keep her under parole supervision for the remainder of her life. The record here discloses no reason to expect that seventy years of supervision will be necessary in order to assure Whittle's repayment of the remaining restitution, and neither the severity of these thefts nor the goals of parole identified above call for supervision of seventy years' duration. We therefore modify these sentences to one five-year indeterminate sentence to be served consecutive to Whittle's injury to child sentence, followed by thirteen five-year indeterminate sentences that will be served concurrently with each other but consecutive to the first grand theft sentence. This will yield a cumulative indeterminate term of ten years for the grand thefts that will be served consecutive to the unified ten-year sentence for injury to a child.

### III.

### CONCLUSION

The judgment of conviction and sentence for injury to child are affirmed. The judg-

ment of conviction for the grand thefts is affirmed, but the sentences are modified as specified above. On remand, the district court is directed to enter an amended judgment in the grand theft case modifying the sentences accordingly.

Chief Judge PERRY and Judge GUTIERREZ concur.

