**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36451**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 488 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 28, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERTO GUEVARA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order revoking probation and requiring execution of unified seven-year sentence with a two-year determinate term for grand theft, without modification, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Roberto Guevara entered an *Alford*[1] plea to grand theft. Idaho Code § 18-2403(1). The district court imposed a unified seven-year sentence with a two-year determinate term, suspended the sentence and placed Guevara on supervised probation for a period of three years. Subsequently, Guevara admitted to violating several terms of the probation, and the district court consequently revoked probation, ordered execution of the original sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished

_____

1     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

jurisdiction. Guevara appeals, asserting that the district court abused its discretion by failing to sua sponte reduce his sentence when it relinquished jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we do not base our review solely upon the facts existing when the sentence was imposed. Rather, we also examine all the circumstances bearing upon the decision to revoke probation and require execution of the sentence, including events that occurred between the original pronouncement of the sentence and the revocation of probation. *State v. Whittle*, 145 Idaho 49, 52, 175 P.3d 211, 214 (Ct. App. 2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by refusing to sua sponte reduce Guevara's sentence.

The order of the district court relinquishing jurisdiction and ordering execution of Guevara's original sentence, without modification, is affirmed.