EL PUEBLO DE PUERTO RICO, recurrido, *v.* GUSTAVO JAVIER RO-DRÍGUEZ MELÉNDEZ, acusado y peticionario.

*Número:* CC-1999-197       *Resuelto:* 10 de marzo de 2000

*Erik A. Rosado Pérez*, abogado del recurrente; *Gustavo A. Gelpí, Procurador General Interino*, y *Rose Mary Corchado Lorent, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

¿Tiene jurisdicción el Tribunal de Circuito de Apelaciones para acoger como apelación la solicitud para revisar un fallo de culpabilidad de un convicto a quien, en virtud de un trámite especial, no se le dictó sentencia y se le concedió la libertad a prueba?

I

Gustavo J. Rodríguez Meléndez fue acusado de infringir el Art. 3.1 de la Ley Núm. 54 de 15 de agosto de

1989 (8 L.P.R.A. sec. 631). Dicho artículo tipifica como delito el maltrato contra cónyuge, ex cónyuge, la persona con quien se sostuviere o se haya sostenido una relación consensual, o con quien se haya procreado un hijo.

Previo el juicio, el Tribunal de Primera Instancia, Sala Superior de Guayama (Hon. José A. Gutiérrez Núñez, Juez), *lo declaró culpable* y señaló fecha para la lectura de sentencia. Oportunamente, el tribunal optó por no dictar sentencia y a tenor del Art. 3.6 de la Ley Núm. 54 (8 L.P.R.A. sec. 636)([1]) sometió a Rodríguez Meléndez a libertad a prueba.

Inconforme con el *fallo condenatorio*, Rodríguez Meléndez acudió al Tribunal de Circuito de Apelaciones mediante un recurso de apelación. En mostración de causa, el Procurador General expuso que la resolución, en la cual se somete a un convicto a libertad a prueba era inapelable, pues el derecho a apelar precisaba de una sentencia. Argumentó, además, que la apelación interpuesta por Rodríguez Meléndez era indicativa de su falta de arrepentimiento por los hechos cometidos, lo que frustraba el propósito de la libertad a prueba, la cual debía dejarse sin efecto y en su lugar dictarse sentencia. En contra, éste sostuvo que apelar una decisión del tribunal de instancia era un derecho, no un acto demostrativo de falta de conciencia. No obstante, indicó que no tenía objeción a que su recurso fuese acogido como *certiorari* a fin de que se atendieran sus méritos.

Tras evaluar esos argumentos, el Tribunal de Circuito

---

([1]) "Una vez celebrado el juicio y convicto que fuere o que el acusado haga alegación de culpabilidad por cualesquiera de los delitos tipificados en este capítulo, el tribunal podrá, motu proprio o mediante solicitud del Ministerio Fiscal o de la defensa, suspender todo procedimiento y someter a la persona convicta a libertad a prueba, sujeto a que ésta participe en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja.

"Si la persona beneficiada con la libertad a prueba que establece esta sección incumpliere con las condiciones de la misma, el tribunal previo celebración de vista podrá dejar sin efecto la libertad a prueba y procederá a dictar sentencia." 8 L.P.R.A. sec. 636.

de Apelaciones decidió acoger el recurso como *certiorari*. Sin embargo, a solicitud del Procurador General, en reconsideración, desestimó por falta de jurisdicción al estimar que la ausencia de sentencia convertía el asunto en inapelable. A petición de Rodríguez Meléndez revisamos.

## II

El Art. 4.002(a) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k(a)), según enmendada, dispone que el Tribunal de Circuito de Apelaciones conocerá "[m]ediante recurso de apelación de toda *sentencia final* dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de abolición". (Énfasis suplido.) Así, hemos definido *sentencia final* como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa. *De Jesús v. Corp. Azucarera de P.R.*, 145 D.P.R. 899 (1998), y casos allí citados.

De otra parte, la Regla 162 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, define *sentencia* como el pronunciamiento hecho por el tribunal sobre la pena impuesta al acusado.

En esencia, la contención del Procurador General es que ambas acepciones son equivalentes; esto es, la controversia en un proceso penal no finaliza hasta la imposición de la pena y, por lo tanto, no puede ser apelada hasta ese momento. En oposición, Rodríguez Meléndez aduce que es el fallo —pronunciamiento hecho por el tribunal en el que condena o absuelve al acusado (Regla 160 de Procedimiento Criminal, 34 L.P.R.A. Ap. II)— el dictamen que pone término al proceso, siendo la culpabilidad o inocencia del acusado lo crucial en un procedimiento penal. Ambos descansan en lo resuelto en *Pueblo v. Vélez*, 76 D.P.R. 142, 146–147 (1954), en el que haciendo referencia al estatuto

federal que autoriza al juzgador a suspender la ejecución de una sentencia condenatoria o su imposición, expusimos:

> ... se ha resuelto uniformemente que cuando el tribunal sentenciador suspende *la ejecución* de la sentencia contra un acusado y pone a éste en libertad a prueba, la misma resulta ser una sentencia final y, por ende, apelable. *Korematsu* v. *United States*, 319 U.S. 432 [(1943)] 87 L. ed. 1497; *Berman* v. *United States*, 302 U.S. 211 [(1937)], 82 L. ed. 204; *Birnbaum* v. *United States*, 107 F.2d 885 [(4to Cir. 1939)], 126 A.L.R. 1207; *Commonwealth* v. *Smith*, 198 Atl. 812, 814; *United States* v. *Lombardo*, 174 F.2d 575; L.B. Orfield, *Criminal Procedure From Arrest to Appeal*, New York, New York University Press, 1947, pág. 584. *Asimismo, que cuando el tribunal juzgador meramente declara culpable al acusado, suspende la imposición de la sentencia y pone a éste en libertad a prueba, su actuación al efecto no constituye una sentencia final y no es por tanto apelable. Korematsu* v. *United States*, supra; Orfield, *op. cit.*; Cf. *United States* v. *Beekman*, 155 F.2d 580 [(2do Cir. 1946)]. (Énfasis suplido y en el original.)

■ Distinto a lo expresado, *Korematsu v. United States*, 319 U.S. 432 (1943), resuelve que la suspensión de la imposición de la sentencia —como ocurrido en el caso de autos— no es óbice para recurrir en apelación de un fallo condenatorio siempre que se le imponga al acusado alguna medida disciplinaria que lo mantenga sometido a la autoridad del tribunal. En ese caso se razonó que la probatoria presentencia era una modalidad de la pena, de carácter rehabilitador, que no se distinguía substancialmente de la probatoria postsentencia.

### III

La polémica ante nos emana del principio jurídico anglosajón de fuerte arraigo que, de ordinario, equipara la finalidad de la decisión en un caso penal con el acto de sentencia.([2]) Por esta razón, ha sido común la visión de que

---

([2]) J.H. Derrick, *Appealability of Order Suspending Imposition or Execution of Sentence*, 51 A.L.R. 4th 939 (1987).

la disponibilidad del derecho de apelación se da en casos en los cuales se suspende la *ejecución de una sentencia impuesta. Berman v. United States,* supra; *United States v. Albers,* 115 F.2d 833 (2do Cir. 1940); *State v. Heron,* 374 P.2d 871 (Ariz. 1962); *People v. Silva,* 241 Cal. App. 2d 80 (1966); *Hite v. State,* 198 Md. 602 (1951); *State v. Miller,* 225 N.C. 213 (1945); *State v. Vaughn,* 105 Or. App. 518 (1991). Así resolvimos en *Pueblo v. Vélez,* supra.

La aplicación automática del mencionado principio y los estatutos reguladores de la práctica apelativa de algunos estados han llevado a concluir que la suspensión de la imposición de la sentencia hace el fallo de culpabilidad inapelable. Véanse: *State v. Shannon,* 60 Wash.2d 883 (1962); *State v. Lynch,* 679 S.W.2d 858 (1984); *State v. Kottenbroch,* 319 N.W.2d 465 (1982). Sin embargo, en la mayoría de los estados y en la jurisdicción federal se ha establecido la apelabilidad de un fallo condenatorio, aun cuando se haya suspendido la imposición de la sentencia. *Korematsu v. United States,* supra; *Corey v. United States,* 375 U.S. 169 (1963); *Burton v. Superior Court County of Maricopa,* 27 Ariz. App. 797 (1977); *People v. Berkowitz,* 137 Cal. Rptr. 313 (1977); *McDonald v. United States,* 415 A.2d 538 (1980); *Schultz v. State,* 700 So.2d 56 (1997); *People v. Sims,* 32 Ill.2d 591 (1965); *State v. Longmore,* 178 Neb. 509 (1965); *Adamo v. McCorkle,* 13 N.J. 561 (1953). Ante esquema legales especiales, acogemos este último curso decisorio. Veamos.

■ No hay duda de que el *fallo* es la determinación que pone fin a la cuestión central —culpabilidad o inocencia de un acusado— en un procedimiento penal. Los efectos de un fallo pueden ser variados y están dispuestos de antemano por las leyes. Así, el Art. 3.6 de la Ley para la Prevención e Intervención con la Violencia Doméstica, *supra,* otorga discreción al Juez para que luego de una *determinación* de culpabilidad (fallo) "suspend[a] todo procedimiento y somet[a] a la persona convicta a libertad a

prueba" siempre que cumpla con las condiciones provistas por ley. Este mecanismo alterno a la sentencia clásica revela que el fallo de culpabilidad es lo que convierte al allí acusado en convicto. Mientras exista una determinación de culpabilidad[3] y esté sometido a la jurisdicción del tribunal o el caso no se haya sobreseído, el recurso apropiado para cuestionar el dictamen de culpabilidad será la apelación interpuesta oportunamente a tenor con la Ley de la Judicatura de Puerto Rico de 1994, y las Reglas 193 y 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Por las razones expuestas, *se dictará sentencia revocatoria y se ordenará al Tribunal de Circuito de Apelaciones que asuma jurisdicción sobre la apelación.*

---

[3] Como sabemos, cuando el acusado hace alegación de culpabilidad, el recurso apropiado para revisar la sentencia lo es el *certiorari.* Art. 4.002(d) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k(d)). Regla 193 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.