EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Roberto Vera Monroig<br><br>Peticionario | Certiorari<br><br>2007 TSPR 225<br><br>172 DPR \_\_\_\_ |

Número del Caso: CC-2007-815


Fecha: 17 de diciembre de 2007


Tribunal de Apelaciones:

       Región Judicial de Utuado-Panel XI

Juez Ponente:

       Hon. Carmen A. Pesante Martínez


Abogado de la Parte Peticionaria:

       Lcdo. José A. Rubio Pitre


Abogado de la Parte Recurrida:

       Lcdo. César López Cintrón


Materia: Art. 105 Código Penal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        vs.                      CC-2007-815     CERTIORARI

Roberto Vera Monroig

    Peticionario

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO REBOLLO LÓPEZ

San Juan, Puerto Rico, a 17 de diciembre de 2007

Los hechos que sirven de origen al presente recurso son, no hay duda, antipáticos.[1] Ello, sin embargo, no puede nublar nuestro entendimiento ni hacer que olvidemos nuestra obligación de velar porque en nuestra jurisdicción se garanticen al máximo los derechos de los ciudadanos que son acusados de la supuesta comisión de un delito público.

La actuación de una mayoría de los integrantes de este Tribunal, al negarse a

---

[1] Se trata de la supuesta comisión, por el peticionario Vera Monroig de unos actos lascivos con una persona que había solicitado trabajo en el Municipio de Adjuntas.

revisar y revocar la equivocada sentencia emitida en el presente caso por el Tribunal de Apelaciones, socava uno de los principios más fundamentales de nuestro sistema de derecho penal cual es: que presumiéndose la inocencia de todo imputado de delito, ninguna persona puede ser declarada culpable de la comisión de un delito público a menos que el juzgador de los hechos quede convencido de que su culpabilidad ha quedado demostrada más allá de duda razonable.

Pero, más aun, la lamentable acción mayoritaria atenta contra uno de los baluartes principales sobre los cuales se sostiene nuestro sistema de justicia, cual es, la independencia judicial, principio fundamental por el cual este Tribunal ha librado cruentas batallas contra aquellos que, en el pasado, han intentado socavarlo.

En palabras sencillas, la mayoría del Tribunal en el presente caso violenta la consciencia judicial y la independencia de criterio de uno de los integrantes de nuestra judicatura, ordenándole al juez que presidió los procedimientos a nivel de instancia que proceda a sentenciar a pena de cárcel a un ciudadano a quien dicho magistrado exoneró por razón de entender que el Estado había incumplido con su obligación de probar su culpabilidad más allá de duda razonable.

I

Contra el peticionario, la oficina del Fiscal Especial Independiente radicó una acusación por una supuesta infracción al Artículo 105 del hoy derogado Código Penal de 1974, 33 L.P.R.A.

sec. 4067, ante el Tribunal de Primera Instancia, Sala Superior de Utuado.

Celebrado el juicio, por tribunal de derecho, el magistrado que presidió los procedimientos, Hon. Alvin Rivera Rivera, declaró culpable y convicto al peticionario Vera Monroig por el delito imputado de actos lascivos, refiriendo a éste a la Oficina de los Oficiales Socio Penales para la investigación e informe correspondiente.

Recibido el informe por el juez de instancia, a éste le llamó la atención un dato contenido en el mismo, el cual le hizo dudar sobre la corrección del fallo de culpabilidad que había emitido en el caso; en específico, el magistrado se cuestionó internamente la corrección de la determinación de credibilidad que él había hecho respecto al testimonio prestado por la supuesta perjudicada en el caso. Dicha duda tuvo como base una manifestación que, conforme el informe rendido, le había hecho la supuesta perjudicada a la oficial socio penal.

Con el propósito de aclarar la referida duda, el juez de instancia señaló una vista evidenciaria, en la cual testificaron tanto la alegada perjudicada como la técnica socio penal.[2] Terminada la vista, y en corte abierta, el magistrado expresó, en lo pertinente que:

> "Bien, conforme a todo el proceso llevado a cabo, de lo que he escuchado en el día de hoy, toda la evidencia que se desfiló en el juicio, el examen mental que he hecho de toda esa evidencia, incluso que he escuchado las grabaciones del proceso judicial en mi oficina, toda la

---

[2] El fiscal especial independiente presentó otra testigo de nombre Iris Zoraida Ramos Rivera, quien fungía como técnico socio penal.

evidencia presentada, <u>reconsideramos</u> el fallo de culpabilidad del día 29 de noviembre de 2006, <u>tenemos duda de su culpabilidad</u>, puede retirarse". (Énfasis suplido.)

Insatisfecho con la referida actuación, la Oficina del Fiscal Especial Independiente acudió en revisión de la misma ante el Tribunal de Apelaciones. Dicho foro apelativo --no obstante reconocer, expresamente, que "… los tribunales tienen un poder inherente para reconsiderar sus determinaciones, a solicitud de parte o *motu propio*, siempre y cuando conserven jurisdicción sobre el caso"--dictó <u>sentencia revocatoria</u> debido, de manera principal, a que en el criterio de los Jueces del Tribunal de Apelaciones, el juez de instancia no siguió el procedimiento "adecuado".

A esos efectos, e interpretando <u>erróneamente</u> las expresiones que hiciera el juez de instancia al reconsiderar su fallo de culpabilidad, el foro apelativo intermedio expresó, en apoyo de su equivocado proceder, que:

> "Reconocemos la facultad que tenía el TPI para reconsiderar su fallo. Ello, con el objeto de corregir algún error que entendió hubiera cometido y que no fuera cónsono con los fines de la justicia. **Pero, el descargo adecuado de esta facultad presuponía que reconsiderara su determinación basándose en la prueba que se desfiló durante el juicio.** Sin embargo, en el procedimiento que celebró el TPI, <u>reevaluó testimonios que aquilató durante el juicio basándose, no en la prueba que se desfiló en el juicio, tampoco en prueba nueva que hubiera podido ser óbice para un nuevo juicio, sino en información contenida en el informe presentencia</u>. En relación a lo anterior, entendemos que el TPI se sirvió incorrectamente del informe presentencia para dirimir cuestiones que exceden los objetivos de dicho documento." (Énfasis suplido y en el original.)

Inconforme, el peticionario Vera Monroig acudió ante este Tribunal --vía *certiorari*—imputándole al Tribunal de Apelaciones haber errado al así decidir. Mediante Resolución, de fecha 26 de octubre de 2007, una mayoría de los integrantes del Tribunal <u>denegó</u> el recurso radicado. En dicha ocasión el Juez Asociado señor Rivera Pérez y el Juez suscribiente hicimos constar que "expediríamos".[3] Radicada una moción de reconsideración y, nuevamente, por votación mayoritaria, este Tribunal denegó la misma. En dicha ocasión hicimos constar que nos reservábamos el derecho a emitir una Opinión disidente. En el día de hoy, procedemos a así hacerlo.

## II

No debe, ni puede, haber la menor duda sobre el hecho de que los tribunales tienen el <u>poder inherente</u> de poder reconsiderar sus determinaciones, a solicitud de parte o *motu proprio*, siempre que, cuando así actúen, todavía conserven jurisdicción sobre el caso. <u>Pueblo</u> v. <u>Valdés Sánchez</u>, 140 D.P.R. 490 (1996); <u>Pueblo</u> v. <u>Rodríguez Meléndez</u>, 150 D.P.R. 519 (2000); <u>Pueblo</u> v. <u>Tribunal Superior</u>, 81 D.P.R. 904 (1960).

Sencillamente, <u>no</u> puede ser de otra manera. Un juez siempre debe tener la autoridad para reconsiderar una decisión que haya emitido, si es que se convence que la misma es errónea; sobre todo, y de manera especial, en los casos criminales, en los

---

[3] El Juez Asociado señor Fuster Berlingeri no intervino.

cuales están "en juego" la reputación y libertad de los ciudadanos.[4]

De hecho, así lo reconoció el Tribunal de Apelaciones. Ello no obstante, dicho foro judicial revocó la reconsideración en controversia ya que entendió que el juez de instancia no había seguido el procedimiento "adecuado". Al explicar el referido fundamento, el foro apelativo intermedio --obviamente malinterpretando las expresiones del juez de instancia-- indicó que éste había, erróneamente, resuelto reconsiderar únicamente a base del informe pre-sentencia. Erró al así actuar.

Las expresiones que el juez de instancia hiciera, al reconsiderar el fallo de culpabilidad, claramente indican que su actuación se basó en la reevaluación que él hiciera de toda la prueba que ante él desfilara durante la vista en su fondo del caso. Esto es, no obstante ser correcto que a dicho magistrado le llamó la atención la información que leyó en dicho informe, resulta ser meridianamente claro que su decisión de reconsiderar el fallo se debió a una actuación de consciencia de su parte, la cual le llevó a concluir que había errado en la adjudicación original de credibilidad que había hecho inmediatamente antes de emitir su fallo de culpabilidad.

Contra un ejercicio de consciencia no existen tecnicismos legales que valgan. Dicho de otra manera, cuando de hacer justicia se trata, nuestro curso decisorio no puede quedar sujeto

---

[4] Así, también, lo hemos resuelto en el campo civil. Véase: Caro Ortiz v. Cardona Rivera, 158 D.P.R. 529 (2003); Lagares Pérez v. E.L.A., 144 D.P.R. 601 (1997); El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 791 (1965).

a tecnicismos legales. Correa Negrón v. Pueblo, 104 D.P.R. 286 (1995).

En el presente caso, el juez de instancia no sólo obedeció los mandatos de su consciencia sino que los de nuestro ordenamiento jurídico, a los efectos de que el juzgador de los hechos debe absolver al imputado de delito en toda situación en que entienda existe duda razonable sobre la culpabilidad de éste.

Intervenir con esa actuación de consciencia constituye no solo intento del foro apelativo de sustituir su criterio por el del juez de instancia sino que una interferencia indebida de parte de dicho foro con ese ejercicio de consciencia. Ordenarle a un juez de instancia que proceda a sentenciar a una persona que éste considera inocente, violenta los más elementales principios de justicia vigentes en nuestra jurisdicción, sobre todo la independencia de criterio judicial.

Es por ello que disentimos.

FRANCISCO REBOLLO LÓPEZ
Juez Asociado