EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Héctor M. Torres Medina<br><br>Peticionario | Certiorari<br><br>2023 TSPR 50<br><br>211 DPR ___ |

Número del Caso: CC-2022-0300

Fecha: 21 de abril de 2023

Tribunal de Apelaciones:

    Panel VII

Sociedad para Asistencia Legal:

    Lcda. Ana Esther Andrade Rivera

Oficina del Procurador General:

    Hon. Fernando Figueroa Santiago
    Procurador General

    Lcda. Mabel Sotomayor Hernandez
    Subprocuradora General

Materia: Procedimiento Criminal – Momento en que comienza a transcurrir el término jurisdiccional de treinta (30) días que tiene una persona para acudir al Tribunal de Apelaciones cuando no se dictó sentencia y le fue concedida la libertad a prueba al amparo de una legislación penal especial.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Héctor M. Torres Medina<br><br>Peticionario | CC-2022-0300 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 21 de abril de 2023.

El recurso ante nuestra consideración nos brinda la oportunidad de establecer con certeza en qué momento comienza a transcurrir el término jurisdiccional de treinta (30) días que tiene una persona convicta para acudir al Tribunal de Apelaciones cuando no se dictó sentencia y le fue concedida la libertad a prueba al amparo de una legislación penal especial. Resolvemos que tal plazo jurisdiccional tiene como punto de partida el momento en el que el foro primario notifica su determinación de conceder la libertad a prueba.

Expuesta la controversia, veamos los antecedentes fácticos y procesales que la suscitaron.

I

El Ministerio Público acusó al Sr. Héctor M. Torres Medina (señor Torres Medina o Peticionario) de infringir

los Arts. 3.1 (maltrato) y 3.3 (maltrato mediante amenaza) de la Ley para la prevención e intervención con la violencia doméstica, Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA sec. 601 et seq. (Ley 54). Posteriormente, el señor Torres Medina renunció a su derecho a un juicio por jurado y optó por que este se ventilara por un tribunal de Derecho.

El 4 de mayo de 2021, **el último día del juicio, el Tribunal de Primera Instancia (TPI) le declaró culpable por el delito de maltrato en corte abierta**. Tras la denegatoria en sala de una solicitud de reconsideración, la representación legal del señor Torres Medina solicitó al tribunal que este fuera referido para determinar su elegibilidad para el programa de desvío contemplado en el Art. 3.6 de la Ley 54, supra. El foro primario concedió lo solicitado. En consecuencia, señaló fecha para dictar la correspondiente sentencia o resolución.

El **23 de agosto de 2021**, el TPI emitió una Resolución mediante la cual redujo a escrito el dictamen condenatorio. Asimismo, al advenir en conocimiento de la elegibilidad del señor Torres Medina para el programa de desvío, en lugar de sentenciarlo, le concedió el beneficio de la libertad a prueba de conformidad con el Art. 3.6 de la Ley 54, supra.[1]

Por estar inconforme con el fallo de culpabilidad emitido en su contra, el **9 de septiembre de 2021**, el señor Torres Medina presentó una Apelación criminal ante el

---

[1]Apéndice de la Petición de certiorari, Resolución, págs. 24-26.

Tribunal de Apelaciones. En síntesis, sus planteamientos giraron en torno a la apreciación y suficiencia de la prueba aquilatada por el juzgador para declararle culpable. Por tanto, solicitó la revocación de la convicción y de la eventual _Resolución_ dictada por el foro primario.[2]

Más adelante, las partes presentaron por estipulación la _Transcripción de la prueba oral_. Acto seguido, el señor Torres Medina presentó un _Alegato del apelante_ mediante el cual amplió su postura en torno a que la prueba admitida en evidencia no establecía los elementos del delito más allá de duda razonable. Por su parte, el 18 de noviembre de 2021, la Oficina del Procurador General (Procurador General) compareció a defender el dictamen condenatorio y

---

[2]Los señalamientos de error formulados por el señor Torres Medina fueron los siguientes:

A. Erró el [TPI] al declarar culpable al [señor Torres Medina] cuando la prueba de cargo no estableció su culpabilidad más allá de duda razonable en violación al derecho a la presunción de inocencia y al debido proceso de ley.

B. Erró el [TPI] al declarar culpable al [señor Torres Medina] cuando la prueba de cargo no estableció el empleo de fuerza física para causar daño a bienes apreciados por la parte querellante.

C. Erró el [TPI] al declarar culpable al [señor Torres Medina] cuando la prueba de cargo no estableció la existencia de un patrón de conducta por parte del señor Torres Medina de constante violación psicológica, intimidación, persecución, vigilancia y amenaza de destrucción de objetos apreciados por la parte querellante.

Íd., _Alegato del apelante_, págs. 112-129.

contestó cada uno de los señalamientos de error esgrimidos por el Peticionario.

Trabada así la controversia, el 25 de febrero de 2022, el foro apelativo intermedio notificó una Sentencia en la cual desestimó el recurso apelativo por falta de jurisdicción.[3] Ello al razonar que, debido a que el fallo de culpabilidad fue emitido el 4 de mayo de 2021, desde ese momento comenzó a transcurrir el término para acudir a solicitar la apelación. En consecuencia, concluyó que el recurso del señor Torres Medina fue presentado tardíamente, por lo que carecía de jurisdicción para adentrarse en los méritos de sus planteamientos.

En desacuerdo, el señor Torres Medina presentó una Urgente solicitud de reconsideración de sentencia. En ella, sostuvo que el foro apelativo intermedio sí tenía jurisdicción pues el término inició cuando el tribunal le impuso la libertad a prueba al amparo del Art. 3.6 de la Ley 54, supra. Así, reafirmó que el término para acudir al Tribunal de Apelaciones comenzó a transcurrir el 23 de agosto de 2021, por lo que su recurso fue presentado oportunamente. En apoyo a su contención citó lo resuelto en Pueblo v. Rodríguez Meléndez, infra, precedente que valida que una persona que resulte convicta de cometer un delito tipificado en la Ley 54 e ingresa a un programa de desvío contemplado en el estatuto, tiene a su haber el

---

[3] Íd., Sentencia, págs. 167-178.

recurso de apelación para impugnar el fallo condenatorio desde el momento en que le es impuesta la libertad a prueba.

**Por su parte, el Procurador General estuvo de acuerdo con el argumento del Peticionario.[4] Es decir, reconoció que este acudió oportunamente ante el Tribunal de Apelaciones.** Sin embargo, planteó que ese foro no tenía la obligación de atender el recurso en sus méritos toda vez que el señor Torres Medina procuraba la revisión de una resolución. En la alternativa, señaló que los errores esbozados por el señor Torres Medina no fueron cometidos y que el Ministerio Público había probado todos los elementos del delito por el cual fue encontrado culpable.

No obstante, el foro apelativo intermedio declinó reconsiderar mediante una Resolución notificada el 18 de abril de 2022.

Inconforme con tal proceder, el 17 de mayo de 2022, el señor Torres Medina acudió ante este Tribunal. En su Petición de certiorari planteó que el foro recurrido erró al declararse sin jurisdicción para intervenir en su recurso de apelación. Reiteró que el plazo para acudir ante el Tribunal de Apelaciones tuvo como punto de partida el 23 de agosto de 2021, fecha en la cual el foro primario determinó no dictar sentencia y autorizar su ingreso al programa de desvío. De este modo, solicitó que revocáramos

---

[4]Íd., Escrito en cumplimiento de orden, págs. 203-217.

la Sentencia recurrida y ordenáramos al Tribunal de Apelaciones a resolver los méritos de su recurso.

Luego de evaluar tales planteamientos, el 28 de octubre de 2022, este Tribunal emitió una Resolución en la cual otorgamos al Procurador General un término de veinte (20) días para que compareciera a mostrar causa por la cual no debíamos expedir el auto y conceder lo solicitado por el Peticionario.

Tras la concesión de una prórroga, el 5 de diciembre de 2022, el Procurador General presentó un Escrito en cumplimiento de orden. Al analizar detenidamente su escrito, notamos que este no presenta postura alguna en cuanto a la controversia planteada por el señor Torres Medina. Entiéndase, si el Peticionario acudió oportunamente ante el foro apelativo intermedio.

En cambio, arguye **por primera vez** que el señor Torres Medina está vedado de cuestionar el dictamen condenatorio toda vez que hizo una supuesta alegación de culpabilidad con el objetivo de ingresar al programa de desvío que ofrece el Art. 3.6 de la Ley 54, supra. De esta forma, aduce que este únicamente podía cuestionar mediante certiorari la voluntariedad de su admisión de culpa o presentar algún señalamiento jurisdiccional con respecto a la causa penal instada en su contra.

Enmarcada esta controversia en torno a si el Tribunal de Apelaciones poseía jurisdicción para atender los méritos del recurso del señor Torres Medina, estamos en posición

de resolver, no sin antes exponer el Derecho aplicable a la controversia aquí reseñada.

## II

## A.

Como es conocido, la jurisdicción es el poder de un tribunal para considerar y decidir los casos y controversias que tiene ante sí. Pueblo v. Ríos Nieves, 209 DPR 264, 273 (2022). Por ello, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. Cordero et al. v. ARPe, 187 DPR 445, 457 (2012). Una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la desestimación inmediata del recurso conforme con lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos. S.L.G. Szendrey Ramos v. F. Castillo, 169 DPR 873, 883 (2007). Esto, pues los tribunales no tienen discreción para asumir jurisdicción donde no la hay. Ruiz Camilo v. Traffon Group Inc., 200 DPR 254, 269 (2018).

No obstante, este Tribunal ha sido enfático con respecto a que "las leyes 'que regulan la jurisdicción o la facultad de los tribunales de atender y resolver las controversias ante sí, de la ciudadanía, son de alto interés público'". Pueblo v. Rivera Ortiz, 209 DPR 402, 415 (2022) (citando a Negrón v. Srio. de Justicia, 154 DPR 79, 93 (2001)). En consecuencia, "en nuestro sistema de derecho

existe una política judicial que fomenta el mayor acceso posible de los ciudadanos a los tribunales para que sus controversias puedan ser resueltas en los méritos". Íd.

**B.**

Por otro lado, debido a su pertinencia para la adjudicación correcta de esta controversia, es menester aclarar las diferencias entre un "fallo" y una "sentencia". El término "fallo" significa el pronunciamiento hecho por el tribunal condenando o absolviendo al acusado. Véase, Pueblo v. Rivera Ortiz, supra y la Regla 160 de Procedimiento Criminal, 34 LPRA Ap. II, R. 160. Por su parte, una sentencia implica el pronunciamiento hecho por el tribunal en cuanto a la pena que se le impone al acusado. Véase, Pueblo v. Rivera Ortiz, supra y la Regla 162 de Procedimiento Criminal, supra. De lo anterior, es forzoso concluir que el acto de dictar sentencia en un procedimiento criminal es posterior a la emisión de un fallo condenatorio.

Ciertamente, en nuestra jurisdicción existe el derecho de toda persona acusada a apelar cualquier sentencia penal que recaiga en su contra. Pueblo v. Serbiá, 78 DPR 788, 791-792 (1955). Nótese que tal derecho únicamente está disponible para la persona acusada. A su vez, hemos afirmado reiteradamente que, como cuestión de Derecho, la determinación de si se probó la culpabilidad del acusado más allá de duda razonable es revisable en apelación debido a que la apreciación de la prueba desfilada en un juicio es un asunto combinado de hecho y Derecho. Pueblo v.

Rodríguez Pagán, 182 DPR 239, 259 (2011); Pueblo v. Irizarry, 156 DPR 780, 788 (2002); Pueblo v. Cabán Torres, 117 DPR 645, 653 (1986).

En consonancia con lo anterior, la Regla 193 de Procedimiento Criminal, supra, en lo pertinente, regula lo relacionado con la presentación de recursos apelativos ante el Tribunal de Apelaciones. A esos fines, dispone que:

> **Las sentencias finales dictadas en casos criminales originados en el Tribunal de Primera Instancia podrán ser apeladas por el acusado en la forma prescrita por estas reglas.** En estos casos, el acusado podrá establecer una apelación [sic] ante el Tribunal de [Apelaciones], excepto en los casos de convicción por alegación de culpabilidad, en los cuales procederá únicamente un recurso de certiorari, en cuyo caso el auto será expedido por el Tribunal de [Apelaciones] a su discreción. […]
> **Cuando la persona estuviese presente en la sala al momento de ser dictada la sentencia, el término se calculará a partir de ese momento.**[5]

Por su parte, la Regla 194 de Procedimiento Criminal, supra, establece el procedimiento a seguir en estos escenarios:

> **La apelación se formalizará presentando un escrito de apelación en la secretaría de la sala del Tribunal de Primera Instancia que dictó la sentencia o en la secretaría del Tribunal de Apelaciones, dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada** […].
> Si cualquier parte solicitare la reconsideración de la sentencia o del fallo condenatorio dentro del término improrrogable de quince (15) días desde

---

[5] (Negrillas suplidas). Íd.

que la sentencia fue dictada, el término para radicar el escrito de apelación o de certiorari quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración.

[…]

**Cuando la persona estuviese presente en la sala al momento de ser dictada la sentencia o resolución, el término se calculará a partir de ese momento.**[6]

Un lenguaje similar quedó consignado en el Reglamento del Tribunal de Apelaciones. A tales efectos, la Regla 23(A) de ese reglamento establece que:

**La apelación de cualquier sentencia final dictada en un caso criminal originado en el Tribunal de Primera Instancia se presentará dentro del término de treinta días siguientes a la fecha en que la sentencia haya sido dictada. Este término es jurisdiccional** […].[7]

Establecidos los contornos del Derecho aplicable, procedemos a examinar la legislación especial de la Ley 54, su programa de desvío y la interrelación que existe entre tal estatuto y el derecho que le cobija a toda persona declarada culpable de cuestionar ante los foros revisores el fallo y la condena impuesta sobre esta.

---

[6] (Negrillas suplidas). Íd.

[7] (Negrillas suplidas). 4 LPRA XX-II-B, R. 23(A). Respecto al cumplimiento con este término jurisdiccional, valga recalcar que es deber de la persona acusada cumplir estrictamente con las normas atinentes al procedimiento para apelar porque, de lo contrario, el tribunal revisor carecería de jurisdicción sobre el asunto. Pueblo v. Rivera Ortiz, supra; Pueblo v. Prieto Maysonet, 103 DPR 102, 104-105 (1974).

**C.**

Dado el reconocimiento de que la violencia entre parejas es uno de los problemas más graves y complejos que confronta nuestra sociedad, el Gobierno de Puerto Rico aprobó la Ley 54, supra. La política pública establecida en este estatuto pretende fomentar "el desarrollo, establecimiento y fortalecimiento de remedios eficaces para ofrecer protección y ayuda a las víctimas, alternativas para la rehabilitación de los ofensores y estrategias para la prevención de la violencia doméstica".[8]

La Ley 54, si bien incluye mecanismos punitivos, también incluye mecanismos de rehabilitación que persiguen el objetivo de ofrecer alternativas para la rehabilitación de las personas que incurren en cualquier tipo de violencia entre parejas. En ese sentido, mediante el Art. 3.6 de la Ley 54, supra, se instauró un mecanismo alternativo a la prisión, el cual entra en función de la forma siguiente:

> **Una vez celebrado el juicio y convicto que fuere o que el acusado haga alegación de culpabilidad por cualesquiera de los delitos tipificados en este capítulo, el tribunal podrá, motu proprio o mediante solicitud del Ministerio Fiscal o de la defensa, suspender todo procedimiento y someter a la persona convicta a libertad a prueba,** sujeto a que ésta participe en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja. […].
> […]
> Si la persona beneficiada por la libertad a prueba que establece esta

---

[8] 8 LPRA sec. 601.

> sección incumpliere con las condiciones de la misma, el tribunal previo celebración de vista podrá dejar sin efecto la libertad a prueba y procederá a dictar sentencia. […].[9]

Del artículo precitado se desprende que "la intención de la Asamblea Legislativa fue crear un programa de desvío sui generis con sus particularidades intrínsecas al problema atendido por dicha ley; un programa de libertad a prueba análogo a la sentencia suspendida". Pueblo v. Rodríguez Velázquez, 152 DPR 192, 200 (2000). Otra particularidad de este mecanismo alterno es que se activa ante dos (2) escenarios distintos: el primero, cuando hay un fallo de culpabilidad tras la celebración de un juicio; el segundo, cuando la persona acusada formula una alegación de culpabilidad. En ambos escenarios, el precitado artículo permite que la persona convicta sea referida al programa de libertad a prueba, lo que conlleva la suspensión de todo procedimiento posterior, inclusive la fase de imposición de sentencia.

Ahora bien, en Pueblo v. Rodríguez Meléndez, 150 DPR 519 (2000), este Tribunal se enfrentó a una controversia similar a la del caso de autos. En Rodríguez Meléndez, el acusado fue hallado culpable y el tribunal señaló fecha para sentenciarle. Sin embargo, en vez de dictarle sentencia, se le sometió al programa de libertad a prueba al amparo del Art. 3.6 de la Ley 54, supra. No obstante,

---

[9](Negrillas y énfasis suplidos). 8 LPRA sec. 636.

por estar inconforme con el fallo condenatorio, el peticionario en tal caso acudió en apelación ante el Tribunal de Apelaciones, foro que desestimó el recurso por falta de jurisdicción al resolver que la ausencia de una sentencia convertía el asunto en inapelable.

Ante tal cuadro fáctico, en aquel entonces resolvimos la interrogante siguiente: ¿posee jurisdicción el Tribunal de Apelaciones para acoger como apelación la solicitud para revisar un fallo de culpabilidad de un convicto a quien, en virtud del Art. 3.6 de la Ley 54, supra, no se le dictó sentencia y se le concedió la libertad a prueba? Nuestra respuesta unánime fue en la afirmativa. Tras analizar los distintos efectos de un fallo de culpabilidad razonamos que:

> No hay duda de que el fallo es la determinación que pone fin a la cuestión central —culpabilidad o inocencia de un acusado— en un procedimiento penal. **Los efectos de un fallo pueden ser variados y están dispuestos de antemano por las leyes. Así, el Art. 3.6 de la Ley para la Prevención e Intervención con la Violencia Doméstica, supra, otorga discreción al Juez para que luego de una determinación de culpabilidad (fallo)** "suspend[a] todo procedimiento y somet[a] a la persona convicta a libertad a prueba" siempre que cumpla con las condiciones provistas por ley. Este mecanismo alterno a la sentencia clásica revela que el fallo de culpabilidad es lo que convierte al allí acusado en convicto. **Mientras exista una determinación de culpabilidad y esté sometido a la jurisdicción del tribunal o el caso no se haya sobreseído, el recurso apropiado para cuestionar el dictamen**

> **de culpabilidad será la apelación interpuesta oportunamente a tenor con la Ley de la Judicatura de Puerto Rico de 1994, y las Reglas 193 y 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.**[10]

A pesar de que, en Rodríguez Meléndez, implícitamente este Tribunal validó que el suceso que marca el inicio del término para acudir ante el Tribunal de Apelaciones es cuando el tribunal ordena el ingreso de la persona convicta al programa de desvío del Art. 3.6 de la Ley 54, supra, hasta este momento no nos habíamos confrontado con la necesidad de pautarlo. No obstante, como veremos la situación fáctica del precedente examinado no ha representado un hecho aislado. Más bien, de forma reiterada hemos sugerido la conclusión a la que hoy arribamos. Veamos.

En Pueblo v. Figueroa Santana, 154 DPR 717 (2001), a la acusada se le encontró culpable por infringir la Ley 54, supra. Posteriormente, el tribunal le concedió la libertad a prueba, de conformidad con el programa de desvío del aludido estatuto. En desacuerdo, esta instó un recurso apelativo en el cual cuestionó la suficiencia de la prueba aquilatada por el juzgador para declararle culpable. El foro apelativo intermedio, al analizar los méritos de sus planteamientos, revirtió el fallo de culpabilidad. Por nuestra parte, en la Opinión emitida para revocar al Tribunal de Apelaciones, relatamos el tracto procesal de

---

[10](Énfasis en el original y negrillas suplidas). Pueblo v. Rodríguez Meléndez, 150 DPR 519, 524-525 (2000).

la controversia y allí equiparamos la imposición de la libertad a prueba a una condena. ("Se le condenó a cumplir 1 (un) año de libertad a prueba, sujeto a la participación de la recurrida en un programa de desvío"). Pueblo v. Figueroa Santana, supra, pág. 722.

A su vez, en Pueblo v. Roldán López, 158 DPR 54 (2002) (Per curiam), un jurado emitió un veredicto de culpabilidad en contra del acusado por transgredir la Ley 54, supra. Más adelante, el tribunal ordenó su ingreso al programa de desvío por un término de treinta y seis (36) meses. El señor Roldán López instó una apelación y argumentó que la prueba desfilada en su contra no probó el delito más allá de duda razonable. Nuevamente, el Tribunal de Apelaciones acogió el recurso y, posteriormente, revocó el dictamen del foro primario. A solicitud del Procurador General, este Tribunal restableció el veredicto condenatorio. Ante ello, en Roldán López equiparamos la decisión de ordenar el ingreso al programa de desvío de la Ley 54, supra, a la imposición de una sentencia. ("Posteriormente, el tribunal de instancia dictó su sentencia en la cual le concedió al convicto los beneficios del régimen de libertad bajo palabra, sujeto a que participara en un programa de educación y adiestramiento para personas que incurren en conducta maltratante […]"). Pueblo v. Roldán López, supra, pág. 56.

En esa línea jurisprudencial, la equivalencia que realizamos entre una orden para ingresar al programa de desvío y la imposición de una sentencia para fines

apelativos tiende a explicar la razón por la cual no nos vimos precisados a analizar si las respectivas apelaciones habían sido oportunamente presentadas.[11]

De hecho, al analizar la regla establecida en <u>Pueblo v. Rodríguez Meléndez</u>, supra, el tratadista Hiram A. Sánchez Martínez comenta que:

> **[E]l término "<u>sentencia final</u>" abarca, en el contexto del proceso penal, tanto una sentencia que le imponga una pena al condenado, aunque se le otorgue a [e]ste el beneficio de una libertad a prueba, así como toda otra resolución que, tras fallo condenatorio y antes de que se dicte sentencia, le sujete a libertad con la condición de que cumpla determinadas condiciones que la ley requiera y/o que el tribunal le imponga.** En esta segunda categoría de "sentencias finales" cabe mencionar- aparte del procedimiento de desvío previsto en la citada [Ley 54] -, las resoluciones al amparo del Art. 404, inciso (a), de la Ley de Sustancias Controladas de Puerto Rico.[12]

---

[11]Finalmente, <u>Pueblo v. Pérez Feliciano</u>, 183 DPR 1003 (2011) (<u>Sentencia</u>), caso que, aunque no sentó un precedente, nos ilustra de nuevo sobre la tendencia de equiparar el ingreso al programa de desvío a la imposición de una sentencia. Esto pues, luego de un fallo de culpabilidad, el 5 de octubre de 2009, el tribunal ordenó que el convicto ingresara al programa de desvío del Art. 3.6 de la Ley 54, <u>supra</u>. Inconforme, con el resultado de la acción penal, este presentó una apelación el 22 de octubre de 2009. El foro revisor intermedio asumió jurisdicción y revocó el fallo condenatorio. Este Tribunal, en la <u>Sentencia</u> que revocó al Tribunal de Apelaciones, otra vez se refirió a la resolución concediendo el beneficio del programa de desvío como equiparable a la imposición de una sentencia para propósitos apelativos. ("el señor Pérez Feliciano fue sentenciado a cumplir dieciocho meses en el Programa de Desvío que establece el Art. 3.6 de la Ley Núm. 54[, <u>supra</u>]"). <u>Pueblo v. Pérez Feliciano</u>, supra, pág. 1005.

[12]H. A. Sánchez Martínez, <u>Práctica jurídica de Puerto Rico: derecho procesal apelativo</u>, San Juan, Lexis Nexis de Puerto Rico, 2001, sec. 1702, pág. 373.

En definitiva, reiteramos que "el fallo de culpabilidad en un procedimiento de desvío, sentencia y libertad a prueba bajo una ley especial equivale a una sentencia final revisable por apelación o certiorari según fuere el caso". D. Nevares-Muñiz, Sumario de derecho procesal penal puertorriqueño, 10ma ed. rev., San Juan, Ed. Instituto para el Desarrollo del Derecho, 2014, pág. 221.

Habida cuenta lo anterior, resolvemos que el término jurisdiccional para acudir ante el Tribunal de Apelaciones comienza a transcurrir desde el momento en el que el foro primario emite un pronunciamiento imponiendo a la persona convicta el mecanismo alterno a la sentencia contemplado en el Art. 3.6 de la Ley 54, supra. Véase, Pueblo v. Rodríguez Meléndez, supra; Pueblo v. Figueroa Santana, supra; Pueblo v. Roldán López, supra.

Siendo este el marco normativo aplicable a la controversia que hoy atendemos, procedemos a resolverla.

### III

Según reseñáramos, el 4 de mayo de 2021 el foro primario rindió un **fallo de culpabilidad** en contra del señor Torres Medina. En ese momento, el Peticionario solicitó que se evaluara su elegibilidad al programa de desvío bajo el Art. 3.6 de la Ley 54, supra.

Tras los análisis de rigor, el **23 de agosto de 2021**, el foro primario dictó una Resolución en la que redujo a escrito el **fallo condenatorio**. Asimismo, determinó que este era elegible para el programa de desvío, por lo que le

impuso la libertad a prueba conforme lo viabiliza el precitado Art. de la Ley 54.

Posteriormente, el **9 de septiembre de 2021**, el señor Torres Medina instó una Apelación criminal ante el foro apelativo intermedio en la cual objetó la suficiencia de la prueba admitida para sostener el fallo condenatorio en su contra. No obstante, el Tribunal de Apelaciones desestimó su recurso al resolver que este fue presentado tardíamente y que con ello se le privó de jurisdicción para atenderlo en sus méritos. Según su razonamiento, el término para recurrir en apelación comenzó a transcurrir el 4 de mayo de 2021, fecha en la que el foro primario declaró culpable al Peticionario.

Ante nos, el señor Torres Medina argumenta que tal proceder es errado y que es contrario a lo dictado en Pueblo v. Rodríguez Meléndez, supra. Es su contención que el término jurisdiccional para acudir al foro apelativo intermedio debe ser computado a partir del 23 de agosto de 2021, fecha en la cual el Tribunal de Primera Instancia, le impuso la libertad a prueba como parte del mecanismo alterno que ofrece el programa de desvío del Art. 3.6 de la Ley 54, supra, lo cual como hemos explicado es equivalente a ser sentenciado para fines de esta controversia. Por tanto, arguye que toda vez que presentó su recurso el 9 de septiembre de 2021, antes de que venciese el término jurisdiccional, el foro apelativo intermedio sí tenía jurisdicción para resolverlo en sus méritos.

**Por su parte, en su comparecencia ante el Tribunal de Apelaciones, el Procurador General, más allá de argumentar en contra de los señalamientos de error del Peticionario, reconoció que el señor Torres Medina presentó el recurso apelativo oportunamente.** Sin embargo, en su <u>Escrito en cumplimiento de orden</u> presentado ante nos, argumenta **por primera vez** que no debemos revocar la sentencia recurrida en vista de que el Peticionario, como parte del acuerdo para ingresar al programa de desvío, había formulado una alegación de culpabilidad.[13]

Según adelantáramos, la controversia ante nuestra consideración estriba en determinar cuál es el punto de partida del término jurisdiccional para recurrir ante el Tribunal de Apelaciones cuando el foro primario emite un fallo de culpabilidad y, en lugar de dictar sentencia, impone mediante una resolución el programa de desvío estatuido en el Art. 3.6 de la Ley 54, <u>supra</u>.

Luego de analizar el tracto fáctico de esta controversia a la luz del Derecho aplicable, resolvemos que le asiste la razón al señor Torres Medina. Veamos.

---

[13]Toda vez que la controversia jurisdiccional que hoy atendemos prima sobre este último argumento —el cual, recalcamos, no fue levantado por el Procurador General ante los foros recurridos—, nos limitamos a resolver únicamente cuándo comienza a transcurrir el término para cuestionar ante el Tribunal de Apelaciones un fallo de culpabilidad cuando no se dictó sentencia y fue concedida la libertad a prueba al amparo de una legislación penal especial.

De acuerdo con lo aquí pautado expresamente, el foro apelativo intermedio tiene jurisdicción para acoger una solicitud para revisar un fallo de culpabilidad de un convicto a quien, en lugar de dictársele sentencia, se le concedió la libertad a prueba. Ciertamente, es a partir de ese último acto que comienza a transcurrir el término jurisdiccional de treinta (30) días para instar un recurso apelativo ante el Tribunal de Apelaciones.

**Por tanto, hoy pautamos sin ambages que el hecho que marca el inicio del término jurisdiccional de treinta (30) días para acudir al Tribunal de Apelaciones no es el momento en el que el tribunal emite el fallo de culpabilidad, sino cuando se concede el beneficio de la libertad a prueba.** A fin de cuentas, para fines del derecho procesal apelativo, debemos ver la concesión de la libertad a prueba bajo el programa de desvío del Art. 3.6 de la Ley 54, <u>supra</u>, como el equivalente a la imposición de una sentencia final. Resolver lo contrario conllevaría la presentación de un recurso apelativo ante el Tribunal de Apelaciones **<u>cuando aún no hubiere una determinación final del foro primario en cuanto al modo en que la persona convicta responderá por infringir la Ley 54</u>**.

En consecuencia, concluimos que el foro apelativo intermedio incidió al declararse sin jurisdicción para evaluar los méritos del recurso presentado por el Peticionario.

**IV**

En vista de la decisión a la que hoy arribamos, se expide el auto, revocamos el dictamen recurrido y devolvemos el caso de epígrafe al Tribunal de Apelaciones para que evalúe en sus méritos el recurso instado por el señor Torres Medina.

Se dictará sentencia de conformidad.


Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Héctor M. Torres Medina<br><br>Peticionario | CC-2022-0300 | Certiorari |

Sentencia

En San Juan, Puerto Rico, a 21 de abril de 2023.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se expide el auto, se revoca el dictamen recurrido y se devuelve el caso de epígrafe al Tribunal de Apelaciones para que evalúe en sus méritos el recurso instado por el señor Héctor M. Torres Medina.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres está conforme y emite la siguiente expresión, a la cual se une el Juez asociado señor Feliberti Cintrón:

Hoy correctamente esta Curia concluye que el Tribunal de Apelaciones erró al determinar que no tenía jurisdicción para atender el recurso presentado. Según hemos contemplado para los casos elegibles al programa de desvío, la fecha en que se concede la libertad a prueba se considera como la fecha en que se dicta sentencia. Pueblo v. Roldán López, 158 DPR 54, 56 (2002); Pueblo v. Figueroa Santana, 154 DPR 717, 722 (2001); Pueblo v. Rodríguez Meléndez, 150 DPR 519, 525 (2000). Por su parte, la Regla 194 de Procedimiento Criminal, 34A LPRA Ap. II, permite que se cuestione la decisión emitida por el foro primario mediante la presentación de un escrito de apelación o *certiorari* dentro de los 30 días siguientes a la fecha en que la sentencia fue dictada.

En el recurso ante nuestra consideración, la libertad a prueba se concedió el 23 de agosto de 2021. Por eso, este es el punto de partida que se debe utilizar para comenzar a contar el término de 30 días que se tiene para cuestionar la convicción ante el foro apelativo intermedio. Como el Sr. Héctor Torres Medina presentó su recurso el 9 de septiembre de 2021, esta presentación fue oportuna y el Tribunal de Apelaciones tenía jurisdicción para evaluar el requerimiento.

No obstante, me preocupa que la Opinión que hoy emitimos pueda dar la impresión errada de que el Tribunal de Apelaciones está obligado a expedir el recurso devuelto para su consideración. De entrada, no cabe duda de que cuando en la Opinión utilizamos el término "recurso apelativo" para referirnos al recurso presentado por el señor Medina Torres, lo hacemos bajo el entendimiento de que dicho término puede ser utilizado para englobar tanto recursos de *certiorari* como las apelaciones. Con esto en mente, estimo necesario aclarar que, aun cuando ante el Tribunal de Apelaciones se presentó una *Apelación Criminal*, en realidad el recurso debe considerarse como un *certiorari*. Esto como consecuencia de que el señor Torres Medina hizo una alegación de culpabilidad por el delito de maltrato en el proceso criminal en su contra. Según establecimos en Pueblo v. Román Mártir, 169 DPR 809, 821 (2007) y en Pueblo v. Santiago Agricourt, 147 DPR 179, 211 (1998), una sentencia dictada a raíz de una alegación de culpabilidad es revisable mediante un recurso de certiorari, librado discrecionalmente, para examinar: (1) un ataque a la suficiencia de la acusación; (2) un ataque a la jurisdicción del tribunal sentenciador, y/o (3) para plantear alguna irregularidad en el pronunciamiento de la sentencia. También el convicto por alegación de culpabilidad podría impugnar su sentencia si la misma no fue producto de una decisión inteligente, fue el resultado de una coacción o si el tribunal incumplió con el deber de investigar que exige la ley y la Constitución. Pueblo v. Román Mártir, supra.

La jurisprudencia mencionada está fundamentada en la Regla 193 de Procedimiento Criminal, supra, que instaura que el acusado podrá entablar una apelación ante el Tribunal de Apelaciones, **"excepto en los casos de convicción**

**por alegación de culpabilidad, en los cuales procederá únicamente un recurso de *certiorari*",** a ser expedido discrecionalmente. (Énfasis suplido). Asimismo, la Regla establece que "la solicitud de *certiorari* deberá presentarse **dentro de los treinta (30) días** siguientes a la fecha en que **la sentencia** fue dictada. Este término es jurisdiccional". (Énfasis suplido). Íd.

Por todo lo anterior, estimo pertinente recordarle al Tribunal de Apelaciones que, si bien tiene jurisdicción para evaluar la petición presentada por el señor Torres Medina, aún conserva discreción para decidir si expide o no el auto de certiorari ante su consideración.

La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García concurren sin opinión escrita.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo